## Chancey *et al. v.* Henry *et al.*

In 1870 an administrator, having the usual leave from the ordinary, had power to sell land belonging to the estate of his intestate, subject to the widow's right of dower; and if the sale was fair and free from fraud, the purchaser acquired good title as against the heirs, whether the widow was legally entitled to dower or not, and whether the dower was afterwards duly assigned to her or not. If the heirs were injured by reason of the administrator recognizing an incumbrance which did not legally exist, and selling subject to the same, their remedy was against him, and not against the *bona fide* purchaser to whom he sold.

March 26, 1892. Argued at the last term.    *Judgment affirmed.*

Administrator's sale. Title. Dower. *Bona fide* purchaser. Before Judge Roberts. Pulaski superior court. May term, 1891.

The complainants were John and E. J. Henry; the defendants were Thos. N. and Louisa Chancey. The contest was as to a tract of land of which one Wallace, the father of Mrs. Chancey, died seized. The complainants claimed under deeds from the administrator and widow of Wallace; defendants claimed as tenants of the children of Wallace, and Mrs. Chancey in her own right as heir at law. Upon the trial it was admitted that an order was properly granted to the administrator to sell the land; the sale was properly made, and deed made by the administrator to John Henry on April 7th, 1870, conveying the land subject to the dower of Mrs. Wallace. On October 11, 1886, Mrs. Wallace sold her dower estate in the lands to complainants. Wallace left surviving him a widow and nine children, all of the children being of full age at the time of the trial. On March 28, 1870, a homestead was properly set apart to Mrs. Wallace and the minor children of Wallace, out of the estate of Wallace and out of property other than that in which Mrs. Wallace took dower. At the October term, 1869, of the superior court of Pulaski county, commissioners were appointed to lay off and set aside

the dower of Mrs. Wallace. They made no return until the April term, 1871, and there were no orders taken continuing them in office, or giving them longer time to make return. At said April term they reported that they had assigned her as dower out of the funds of the estate the property in dispute, and this return was made the judgment of the court. On July 29, 1869, a year's support was set aside for the widow and minor children, $217 worth of furniture and $600 in money. The homestead taken by the widow still exists, and has held good against all claims.

On these admissions the defendants submitted orally the following propositions as the basis of their defence, admitting that if they did not constitute a defence plaintiffs could recover the land : (1) An administrator is not authorized to sell the reversionary interest in dowered land, (2) nor to sell land of his intestate subject to dower. (3) Mrs. Wallace, having taken and had set aside year's support and a homestead out of the estate, all of which had remained intact and good against all claims, could not legally take dower thereafter ; and the allowance of dower was a nullity and void. (4) As the commissioners, though appointed at the October term, 1869, made no return until the April term, 1871, and there were no orders giving them more time, or continuing them as commissioners, and nothing further done until their return, their appointment had expired, and they were no longer commissioners after the April term, 1870, at which time the law required them to make return, and their acts and the judgment allowing dower in April, 1871, were a nullity.

The court overruled each of these propositions, and directed a verdict for plaintiffs. Defendants excepted.

MARTIN & SMITH, for plaintiffs in error.

W. L. GRICE, L. C. RYAN and JORDAN & WATSON, *contra.*