## ADAMS *et al. v.* ADAMS, administrator.

1. An order for the sale of land, duly granted by the ordinary, can not be collaterally attacked in the superior court on the ground that it was granted upon insufficient evidence.

2. Where such an order was for the sale of a reversion in realty after the expiration of a widow's dower, and before the sale took place the widow died, the order constituted authority to sell the fee.

3. It is not ground of objection to an answer filed by an administrator to an equitable petition which waived discovery and prayed for an accounting and settlement, that the answer did not have attached thereto a schedule of the returns of the administrator.

4. Where on the trial of an equitable petition against an administrator for an account and settlement the plaintiffs by affirmative proof charged him with the receipt of assets, the mere fact that the evidence offered by them showed that he had previously obtained an order for the sale of realty for the purpose of paying debts did not entitle him to the grant of a nonsuit. On such a state of pleadings and evidence the plaintiffs would have been entitled to recover.

Argued June 19, — Decided July 18, 1901.

Equitable petition. Before Judge Estes. White superior court. October, 1900.

*G. S. Kytle* and *H. H. Dean,* for plaintiffs.
*I. L. Oakes,* for defendant.

COBB, J. George W. Adams and others brought their action against J. M. Adams, alleging that the plaintiffs were children and heirs at law of Harden Adams, deceased, and the defendant was the administrator on his estate; that the defendant was insolvent, and the only security on his bond was a non-resident of the State, who had no property within the limits of the State; that their father left as a part of his estate a tract of land which the administrator was advertising for sale; that it was his purpose to apply the proceeds of the sale to an invalid claim against the estate which he held or in which he was interested; that an application was pending in the court of ordinary to have the defendant removed as administrator, but that the hearing upon this application could not be had until after the date of the sale. The prayer of the petition was, that the defendant be enjoined from selling the land until after the application to remove, pending in the court of ordinary, had been determined; that the land be divided between the plaintiffs and the defendant as the heirs at law of their father; and for general relief. The petition waived discovery. In an amendment

to the petition it was alleged that since the filing of the suit the widow of Harden Adams, who had had her dower set apart in the land referred to in the original petition, had died, and the dower estate had determined; that the order obtained by the administrator to sell the land was an order authorizing the sale of the reversionary interest subject to the widow's dower, and no evidence was introduced before the court of ordinary when this order of sale was obtained showing that there were any valid debts against the estate; that since the death of the widow there is no reversionary interest and no dower interest, and a sale under the order would have the effect of misleading persons and depreciate the value of the property; and that various items of personal and real property had gone into the possession of the administrator, the alleged value of each being set forth in the petition. The amendment then charges other acts of mismanagement on the part of the administrator, and alleges a willingness to pay to the administrator whatever amount may be necessary to pay off the debts of the estate; and, waiving discovery, prays that the administrator be brought to a full settlement and accounting. This amendment seems to have been allowed without objection. The defendant filed an answer, in which he admitted various allegations in the petition and amendment to be true, denied the various charges of mismanagement, and denied that the plaintiffs were entitled to any of the relief sought. An interlocutory injunction was granted, which seems to have continued in force until the final hearing. When the case came on for a final hearing, at the conclusion of the plaintiffs' evidence, upon motion of the defendant, the court granted a nonsuit. To this ruling, as well as to other rulings made during the progress of the trial, the plaintiffs excepted.

1. The plaintiffs introduced in evidence an order of the court of ordinary authorizing the sale of the land described in the petition, for the purpose of paying debts, and then offered testimony to the effect that at the time the ordinary granted the order there was before him no evidence whatever showing that any debts were due by the estate. The court refused to allow this testimony, and this is assigned as error. The judgment of a court of ordinary granting leave to sell land of an intestate is a judgment of a court of general jurisdiction, and, when duly granted in accordance with law, is binding upon all persons interested in the estate, and can not

be collaterally attacked in any court upon a ground of the character upon which the attack is made in the present case. See *Stuckey* v. *Watkins,* 112 *Ga.* 268, and cases cited.

2. The order above referred to was granted during the lifetime of the widow of the intestate, whose dower had been laid off in the land proposed to be sold, and the order granted authority to sell the land subject to the dower. It was contended that, as the widow had died since the granting of the order and before any sale had been had, the order was inoperative, and no sale could be had thereunder; and that even if it could be had, it should not be, for the reason that the order provided for a sale only of the reversion, and a sale under the order would be calculated to mislead bidders and depreciate the price of the property. The order authorized the sale of every interest in the property except the widow's dower, and we do not think that the death of the widow at all affected the validity of the order, or made a sale thereunder improper, when with proper advertisements and proper statements at the sale, informing the bidders that the widow was no longer in life and that the administrator would sell the entire fee, any confusion about the matter would be relieved and the property would be placed before the bidders in such a way that it would bring its full value.

3. The plaintiffs demurred to the answer of the defendant, on the ground that it did not have attached thereto a schedule of the returns of the administrator. The court overruled the demurrer, and this ruling is assigned as error. As both the petition and the amendment expressly waived discovery, we do not know upon what principle it could be claimed that the defendant was required to attach to his answer a complete schedule of his returns. The defendant was not required to answer at all, but of course if he failed to answer any specific allegation of the petition, it would be taken as true. He has answered in detail every paragraph of the petition, denying some and admitting others, and this is all the answer the plaintiffs were entitled to, in the absence of a prayer for discovery intended to search the conscience of the defendant. Not having been willing to take the risk which a prayer for discovery would bring about, the plaintiffs must be satisfied to make out their case the best they can without the aid of the defendant.

4. There was evidence introduced by the plaintiffs that property real and personal, of several thousand dollars in value, had gone

into the possession of the administrator. There was also evidence that he had sold realty and personalty for sums aggregating several hundred dollars, and there was evidence that the tract of land especially in controversy was still in his possession. We think this evidence was sufficient to cast upon the defendant the burden of showing what disposition he had made of the money received from the sale of property, and also what debts were still outstanding against the estate. It is true that there was a judgment of the court of ordinary that there were debts outstanding, and by this judgment the plaintiffs were bound; but there was nothing in the judgment to indicate the amount of these debts, and the plaintiffs as heirs at law of the defendant's intestate had a right, after the expiration of twelve months from the defendant's qualification, to call him to an account and make him disclose what had been done with the proceeds of property which he had sold, and what was the amount of the valid debts outstanding against the estate, so as to determine how much of the property should still be retained by him to be administered for this purpose. Upon the evidence introduced in behalf of the plaintiffs, in the absence of any evidence by the defendant, the court would have been not only authorized but required to enter a decree in favor of the plaintiffs for their proportionate amount of the moneys which had been received by the administrator belonging to the estate, and also a decree that the land still in the possession of the administrator be sold by him either under the order of the court of ordinary or the decree to be rendered in this case, and, after paying the valid debts still due by the estate, the expenses of administration, and such other costs as the judge should see fit to tax against the estate, that the remainder be divided among the heirs at law in proportion to their interests in the estate. The superior court as a court of equity has concurrent jurisdiction with the court of ordinary in the matter of the settlement of estates; and the court of ordinary, under a citation for a settlement, would undoubtedly have had authority to require the administrator to account for the moneys which the evidence shows he had received, to have made a disclosure of the debts due by the estate, and to have made up the accounts and entered a judgment in favor of the heirs for a sale of the property. If the court of ordinary had this authority, a court of equity as a court of concurrent jurisdiction had equal, if not greater, authority in the mat-

ter.   The heirs at law have done all that is possible for them to do. They have brought the administrator at the proper time into a court of competent jurisdiction.   They have introduced evidence showing that he is charged with having received property of the estate, and the evidence shows what property is in his hands still unadministered.   Everything is before the court which would be necessary to authorize a complete settlement of the estate.   Certainly under such circumstances it is not the law that the heirs at law shall be turned out of court and the administrator allowed by his silence in court to obtain a judgment which means that he shall remain in the possession of property which is not wholly his own, but which belongs to him jointly with the heirs of the estate.   Under the evidence introduced by the plaintiffs the court should have entered a decree winding up the estate.   If there are any claims against the estate, the administrator knows of them, and he should be made to disclose what they are.   If he should not disclose, he should be made to bear the loss.

*Judgment reversed.   All the Justices concurring.*