*R. A. Moore*, for plaintiff. *R. B. Chastain*, for defendants.

---

## ROBINSON *et al. v.* SMITH *et al.*

1. Where an order was granted by the court of ordinary authorizing the administrator of an estate to sell all of the lands of the decedent for the purpose of paying debts, and where dower, embracing some of these lands, was afterwards set aside to the widow, the administrator was authorized by such order to advertise and sell the reversionary interest

in the dower lands, without obtaining a specific order authorizing him so to do.

2. If, at the time the authority to sell given by such order was exercised by the administrator, there was no necessity to sell the reversionary interest in the dower lands to pay debts of the deceased, the sale thereof would be illegal and voidable if the purchaser bought with notice of the fact that there was no necessity to sell to pay such debts.

(a) Where at such sale the administrator, who was an heir at law of his intestate, and other heirs at law became purchasers through another of such lands, they would be presumed to have knowledge of the fact of the want of such necessity; and the sale as to the administrator would be voidable, and, as to the other purchasing heirs, prima facie voidable.

3. The order of the court of ordinary granting leave to the administrator to sell these lands was the judgment of a court of competent and general jurisdiction, and legally imports necessity for their sale for such purpose. Being apparently regular, it can not be collaterally attacked.

(a) An innocent purchaser for value of the timber on such lands from the heirs of the estate, who had purchased the lands at such administrator's sale, will be protected, although the purchasers of the lands were not innocent purchasers.

4. Where the plaintiffs, who were heirs of the intestate, received their share of the proceeds of the reversionary interest in these lands, they can not keep their share thereof, and, at the same time, recover these lands from the purchasers at the administrator's sale, although such sale was voidable. Where their share of the proceeds was paid to their guardian, the law presumes that they received the same, or the benefits thereof, in the absence of proof to the contrary.

5. While ordinarily the purchase by an administrator at his own sale, either directly or indirectly, of the lands of his intestate is voidable at the election of the heirs, such is not the case where the administrator is an heir at law of his intestate and his purchase is free from fraud.

6. An equitable action brought by heirs to set aside an administrator's sale and to cancel his deed on the ground that a fraud was perpetrated upon some of the heirs in making such sale, where the effect of the decree would be to restore possession of the lands to the complainants, has been analogized to the rule of law permitting title by adverse possession to be acquired in seven years under color of title; and in such a case the plaintiffs would be barred after such time. It appears from the facts of this case that this suit was not filed within seven years after two, and probably three, of the plaintiffs had reached their majority; and as to them no sufficient facts are alleged to take the case out of the above rule of limitation.

7. The trial judge was authorized to find that the Moore Lumber Company was a bona fide purchaser for value of the timber on these dower lands; and for this and the other reasons hereinbefore set out, he did not err in refusing to grant an injunction.

No. 4501. NOVEMBER 15, 1924.

Equitable petition. Before Judge Littlejohn. Macon superior court. June 16, 1924.

Plaintiffs in error are the children and sole heirs at law of Etta Robinson, who died in 1900, and who was the daughter of John S. Smith, a resident of Macon County, Georgia, who died on June 19, 1903, leaving surviving him his widow, his children, W. A. Smith, W. J. Smith, Mrs. Lillian English, Mrs. Alice Taylor, and Mrs. Dora Thompson, and his grandchildren, the plaintiffs in error. John S. Smith left an estate of real and personal property in said county, and his son, W. A. Smith, was duly appointed as administrator of his estate, and qualified as such. At the August term, 1903, of the court of ordinary of Macon County the administrator made application for leave to sell the realty of his intestate, alleging that it consisted of some 396 acres of land, and that a sale was necessary for the payment of the debts of the estate and the making of a proper distribution thereof. At the September term, 1903, of the court of ordinary an order was passed reciting the necessity for the sale of said property for the payment of the debts of the estate and distribution, and authorizing the administrator to sell the same. At the November term, 1903, of Macon superior court a dower was set apart to the widow of the intestate in said land, consisting of 134 acres of said 396 acres owned by the intestate. On the first Tuesday in November, 1904, the administrator, under the above order, after due advertisement, sold at public outcry all of said land of said estate subject to the encumbrance of the widow's dower. At this sale the whole tract of 396 acres, subject to the dower, was knocked off to one Kennedy, who was in fact bidding for the children of the deceased, including the administrator, and a deed was made by the administrator conveying all of said land, subject to the dower encumbrance. This deed, though dated as of November, 1904, was not recorded until April 12, 1924, after this litigation was begun. On March 14, 1905, Kennedy conveyed by deed this land, subject to said dower encumbrance, to the children of the deceased, one of whom was W. A. Smith, the administrator. This deed was recorded on April 8, 1905. After making his final return to the ordinary, the administrator was regularly granted a discharge by the court of ordinary in 1904. The widow of the intestate held the dower land until her death on December 28, 1915. Afterward the children of the intestate took possession of said dower land under the deed made to them by Kennedy and have since that time held such possession. On February 15, 1924, said children

sold the merchantable timber on the dower land to the Moore Lumber Company, which in turn transferred its lease to the Brasington Lumber Company, which now holds the same.

On April 10, 1924 the plaintiffs, grandchildren of John S. Smith, filed their petition for injunction and receiver, alleging that upon the death of the dowress the land so set apart to her as dower reverted to the estate of their grandfather, that they are entitled to an interest therein, that the children of the intestate had no authority to sell the timber, that such sale would irreparably damage them; and for these reasons they asked that the sale and the cutting of the timber be enjoined, and that the lease be canceled and declared void. By an amendment they alleged that they were 32, 30, 28, and 26 years old, respectively, that the deed and sale by the administrator, in so far as it affected the dower land, was void for the reason that the administrator had no authority to sell the dower land, because there were no debts against the estate rendering it necessary, that the facts with reference to such sale were concealed from them by the defendants, and a fraud thereby practiced upon them; and they prayed that the sale by the administrator and the deed made in pursuance thereof be declared void, and that they be allowed to have their interest in the dower land. They further alleged that said sale was void because the administrator procured Kennedy to bid off said land at said sale for the administrator and other children of the intestate, and that such bid and purchase by Kennedy was an indirect purchase by said administrator at his own sale.

To the petition as amended the defendants demurred upon the grounds: (1) that there is no equity therein; (2) that the allegations thereof are insufficient to authorize a court of equity to grant the relief prayed; (3) that the plaintiffs are barred by their laches from prosecuting this proceeding; (4) that said proceeding is a collateral attempt to attack and set aside the order of the ordinary granted to the administrator in 1903, under which the administrator sold the property in 1904; (5) that the purchase of the land by the administrator and other children of the intestate did not render said sale void; (6) that there are no sufficient allegations to show that the administrator's sale was the result of any fraud on his part or on the part of any one else as would render it void; and (7) that the allegations in reference to

fraud are insufficient to render said sale void. There are various grounds of special demurrer. The defendants, except the Moore Lumber Company, in their answer, denied all fraud and the truth of the contentions of plaintiffs, and admitted the facts substantially as hereinbefore set forth. In its answer the Moore Lumber Company denied that its purchase of the timber was fraudulent, and denied notice of any fraud in the sale of the reversionary interest in the dower lands. On the hearing of the application for injunction, the plaintiffs introduced the inventory and appraisement of the estate, showing that the administrator had collected from the sale of cotton and personalty $529.19, and his returns showing that he had paid out on debts $399.79; and they also introduced the final returns of the administrator, showing a cash balance on hand, and receipts from rents of $254.44, and from the sale of the land $1200, and amounts paid out on debts and to distributees $1463.44, and vouchers showing payments by the administrator to W. J. Smith, Dora Thompson, Lillian English, Alice Taylor, and J. S. Smith, as heirs at law of the deceased, each the sum of $218.16, and the same amount to C. Robinson, guardian, for the plaintiffs as such heirs at law. The court declined to grant an interlocutory injunction and to appoint a receiver. To this judgment the plaintiffs excepted on the grounds: (1) that there was no order of the court of ordinary authorizing the sale of the dower lands; (2) that the order of sale was granted by the ordinary to the administrator before the dower was set apart; (3) that no petition and order of the ordinary authorized the sale of the dower land because it was necessary to pay the debts of the estate; (4) that the sale of the dower land was void, as the estate was not in debt, the amount received by the administrator from the sale of the personal property and rents being sufficient to pay the debts of the estate; (5) that the advertisement and sale of the land, subject to the dower estate, was not authorized by the order of the court; (6) that the sale of the land was void as to petitioners, as the same was bought by the administrator at his own sale; (7) that the defendants concealed from plaintiffs that the dower land had been sold; (8) that defendants perpetrated a fraud upon plaintiffs by concealing the sale of the dower lands from them by withholding from record the administrator's deed; and (9) that the damages by removing the timber are irreparable.

18

*J. J. Bull & Son,* for plaintiffs.

*R. L. Greer, John M. Greer,* and *Duncan & Nunn,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Was the administrator's sale void because of lack of a proper and valid order authorizing it? It is insisted that, as the order was granted before the assignment of dower, it did not authorize the sale of the reversionary interest in the land in which dower was afterwards assigned to the widow; and that, to enable the administrator to sell such interest, there must have been an order giving him specific power to sell it. We can not agree to this view. The order granted by the court of ordinary expressly adjudged that it was necessary to sell the land in which the dower was afterwards assigned, for the payment of debts and for distribution. The subsequent assignment of the dower did not destroy this necessity. It would render it more imperative. In *Chancey* v. *Henry,* 89 *Ga.* 123 (14 S. E. 885), it was held that an administrator, having the usual leave from the ordinary, had power to sell land belonging to the estate of his intestate, subject to the widow's right of dower; and that, if the sale was fair and free from fraud, the purchaser acquired good title as against the heirs, whether the dower was afterwards duly assigned to her or not. Clearly under this ruling the administrator, having the usual leave from the ordinary, had the power, after dower had been assigned in these lands, to sell the same, subject to such dower. In *Adams* v. *Adams,* 113 *Ga.* 824 (39 S. E. 291), it was held that where an order for the sale of a reversion in realty, after the expiration of a widow's dower, had been granted, and before the sale took place the widow died, the order constituted authority to sell the fee. By parity of reasoning, an order to sell the fee would authorize the sale of the reversion in lands in which the widow's dower was afterwards granted. The administrator, under an order of the court of ordinary authorizing him to sell the real estate of his intestate, can sell a less estate than that described in the order of sale. *Kingsbery* v. *Love,* 95 *Ga.* 543 (22 S. E. 617). So we do not think that this sale of the reversion in these lands was void because the order authorizing the sale of the lands in fee was granted before dower was assigned.

2. But was the sale void, if, at the time the authority to sell, given by this order, was exercised by the administrator, there was

no necessity to sell the reversionary interest in the dower lands to pay the debts of the deceased? We construe the petition to be one attacking the exercise of this power on the ground that there was no necessity to sell to pay debts, when the sale was made, and seeking to set aside the administrator's sale and deed so far as the dower lands are concerned, and not an equitable petition seeking to have set aside the judgment on the ground that it was obtained by the fraudulent representation of the administrator that it was necessary to sell the reversionary interest in the dower lands to pay debts of the estate. In other words, the plaintiffs treat the exercise of the power by the administrator as fraudulent, because such necessity did not exist at the time of the sale, and they seek to have the sale and the administrator's deed as to these lands set aside. They do not pray to have the order of the court of ordinary set aside. The Civil Code (1910), § 4094, declares that "No administrator shall be authorized to sell the reversionary interest in the land set apart as dower during the lifetime of the widow, except it be necessary to pay debts." Under leave granted by the court of ordinary to an administrator to sell lands of his intestate, before dower is assigned to the widow, the administrator, under this section, would not be authorized to sell the reversionary interest in lands thereafter set apart as dower during the lifetime of the widow, "except it be necessary to pay debts." To sell under such an order the reversionary interest in dower lands, when no necessity to pay debts existed, would violate the above provision of the Code. To sell under such circumstances the administrator would exceed his power of attorney. Such a sale would be fraudulent. A court of equity would set it aside as to a purchaser with notice of the lack of necessity to sell to pay debts. So where at such sale the administrator, as an heir at law of his intestate, and other heirs at law of the intestate, became purchasers through another of such lands, they would be presumed to have knowledge of the fact of the want of such necessity; and the sale as to the administrator would be voidable, and as to the other purchasing heirs would be prima facie voidable. *Sutton* v. *Ford*, 144 *Ga.* 587 (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106).

3. The order of the court of ordinary granting leave to the administrator to sell these lands of his intestate to pay debts is the judgment of a court of competent and general jurisdiction. It

legally imports the necessity of their sale for such purpose. Such judgment, apparently regular, can not be collaterally attacked. It contained the authority, as held above, for the sale of these lands. If the purchasers had been innocent ones, such sale would have divested the title of the other heirs, although there was no necessity to sell the lands to pay debts. *King* v. *Cabaniss*, 81 *Ga.* 661 (3) (7 S. E. 620); *Merritt* v. *Jones*, 136 *Ga.* 618 (71 S. E. 1092); *Copelan* v. *Kimbrough*, 149 *Ga.* 683 (102 S. E. 162); *Isom* v. *Nutling*, 153 *Ga.* 682, 687 (113 S. E. 197). Conceding that the heirs who purchased these lands at the administrator's sale were not innocent purchasers, the Moore Lumber Company, which purchased from them the timber thereon, was, under the facts appearing in the record, an innocent purchaser of such timber, and will be protected in its title thereto, although the sale to such heirs by the administrator was voidable.

4. It appears that the share of the proceeds of the reversionary interest in these dower lands coming to plaintiffs as heirs at law of the intestate was paid to their guardian. Presumptively they received the same, and there is nothing in the record to rebut this presumption. This being so, they can not keep their share of the proceeds of the sale of these lands and at the same time recover them from the purchasers at the administrator's sale, although such sale was voidable because at the time it took place there was no necessity for the administrator to sell to pay debts of the estate. *Warner* v. *Hill*, 153 *Ga.* 510 (112 S. E. 478).

5. While ordinarily a purchase by an administrator at his own sale, either directly or indirectly, of the land of his intestate is voidable at the election of the heirs, such is not the case where the administrator is an heir at law of his intestate and his purchase is free from fraud. *Arnold* v. *Arnold*, 154 *Ga.* 195 (113 S. E. 798); *Thompson* v. *Thompson*, 157 *Ga.* 377 (121 S. E. 225). So in this case the purchase by the administrator and other heirs of the intestate of the dower land at the administrator's sale would not be void for this fact alone, in the absence of any fraud on their part in becoming such purchasers. However, it would be a fraud for these heirs to have bought the dower land with knowledge that there was no necessity for its sale to pay debts of the estate.

6. It is insisted by counsel for the defendants in the court below that the plaintiffs' action was barred by their laches and

by the statute of limitations. In this State there is no statute of limitations barring the recovery of real estate. An equitable action, brought to set aside an administrator's sale and to cancel his deed on the ground that a fraud was perpetrated upon the heirs in making such sale, where the effect of the decree would be to restore possession of the land to the complainants, has been analogized to the rule of law permitting title by adverse possession to be acquired in seven years under color of title; and a suit brought in that time, where there are no special reasons calling for the interposition of an equitable bar, is not barred. *Cade* v. *Burton,* 35 *Ga.* 280; *Knox* v. *Yow,* 91 *Ga.* 367 (5) (17 S. E. 654); *Beasley* v. *Smith,* 144 *Ga.* 377, 381 (87 S. E. 293); *Wallace* v. *Mize,* 153 *Ga.* 374, 383 (112 S. E. 724). The facts in the record do not disclose any special reasons calling for the interposition of an equitable bar. The administrator's sale in this case took place on the first Tuesday in November, 1904. The present suit was instituted on April 10, 1924. It appears that this suit was not filed within seven years after two of the plaintiffs, and probably three of them, had reached their majority. It appears that one of the plaintiffs was only 26 years old when this suit was begun, and as to him seven years had not run after he became of age. We think the trial judge, under the facts disclosed in the record, was authorized to find that two, and probably three, of the plaintiffs were barred by the statute of limitations applicable in this case, and that certainly one of them was not so barred.

7. Applying the above principles, the trial judge was authorized to find that the Moore Lumber Company was a bona fide purchaser for value of the timber on these dower lands; and for this and the other reasons hereinbefore set out his judgment, denying to the plaintiffs an injunction to restrain this defendant from cutting and removing the timber, was proper, and should be affirmed.

*Judgment affirmed. All the Justices concur.*