## WHITTLE v. NOTTINGHAM.

1. Where the owner of a large tract of land entered into a contract under seal to sell to another an undivided interest in a portion thereof, within given boundaries, at $10 per acre, the number of acres within the tract bargained to be determined by a survey by the county surveyor, and the surveyor surveyed the tract and reported to the parties that it contained 660 acres, whereupon the buyer paid to the seller a part of the purchase-price and gave to the seller notes for the remainder of the price, and the seller executed his bond for title to the buyer, and where upon the payment of the purchase-price in full the seller executed his deed to the purchaser to an undivided half interest in 660 acres, more or less, both parties believing that the tract sold contained only 660 acres, and where it afterwards developed that the survey was incorrect, and that the tract sold contained 1019-1/6 acres, these facts make a case of mutual mistake which a court of equity will relieve against by so reforming the bond for title and deed as to express the true contract between the parties, and will compensate the seller for the acreage in excess of the 660 acres.

2. Allegations of the petition that on or about September 12, 1925, petitioner discovered that he had conveyed a one-half interest in more than 660 acres of land to the defendant, whereupon he had said lands resurveyed on October 1, 1925, and that as a result of said survey he conveyed to the defendant a one-half interest in 1019-1/6 acres, are, as against a general demurrer, sufficient averments that the original survey was incorrect, and that the tract contained the larger acreage.

3. The period of limitations applicable to equitable actions by parties out

Limitation of Actions, 37 C. J. p. 750, n. 44; p. 794, n. 33.

Reformation of Instruments, 34 Cyc. p. 910, n. 53; p. 911, n. 54; p. 915, n. 86; p. 917, n. 87; p. 919, n. 92; p. 965, n. 72, 73; p. 966, n. 74, 76; p. 971, n. 26; p. 974, n. 48.

of possession, for reformation of written instruments on account of mutual mistake, is seven years.

4. The statute of limitations, applicable to actions upon open account or for breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, does not apply to an action for the recovery of purchase-money under a contract under seal.

5. We can not hold as a matter of law that the plaintiff was barred by his laches from bringing his action for reformation.

No. 5570.   April 16, 1927.

Equitable petition. Before Judge Searcy. Upson superior court. July 3, 1926.

*Willingham & Willingham, E. L. Reagan,* and *Hewlett & Dennis,* for plaintiff in error.

*Nottingham & Nottingham, W. M. Dallas,* and *Cleveland & Goodrich,* contra.

HINES, J. On October 7, 1925, Nottingham filed against Whittle his petition for reformation of a bond for title and a warranty deed made by him to Whittle, and for the recovery of a judgment for the balance of purchase-money due by Whittle to him on the purchase of an undivided half interest in a tract of land. The petition made this case: On May 1, 1920, petitioner and defendant entered into a written contract under seal, by which the former agreed to sell to the latter an undivided half interest in a portion of a larger tract of land owned by petitioner, at the price of $10 per acre. The purchase-price was to bear eight per cent. interest from the date of said contract until it was paid. The parties were to agree upon the boundaries of the tract of land so sold, and, after this was done, the number of acres contained in the tract was to be ascertained by a survey to be made by the county surveyor. The parties afterwards agreed upon the boundaries of the tract so sold, and employed the county surveyor to survey the same and ascertain the number of acres embraced within these boundaries. The county surveyor made the survey and reported to the parties that the acreage within these boundaries was 660 acres. Thereupon Whittle paid Nottingham in property and money $3000 upon the purchase-price of said undivided interest in said land embraced in said boundaries, upon the basis of the acreage reported by the surveyor, and executed and delivered to Nottingham his three notes, one for $1005 due January 15, 1922, one for $1600 due July 1, 1923, and one for $1600 due Jan-

uary 15, 1924, with interest at the rate of eight per cent. per annum from date. The cash payment and these notes represented the purchase-money of an undivided half interest in 660 acres of land so sold, with interest thereon at eight per cent. from the date of said contract. Upon the making of said payment and the execution and delivery of said notes, the petitioner, on January 27, 1921, executed and delivered to the defendant his bond for title in which he obligated himself to make title to the defendant upon the payment of said three notes. On February 5, 1923, Whittle paid said notes, and thereupon Nottingham executed and delivered to him a warranty deed conveying to him an undivided half interest in said land. Under the terms of the contract of purchase, Whittle purchased said lands according to the number of acres therein contained, at $10 per acre, for the one-half undivided interest. On September 12, 1925, Nottingham discovered that he had conveyed to Whittle an undivided half interest in more than 660 acres of land. The petition alleges that he then had said land resurveyed on October 1, 1925, and that as a result of said resurvey it was discovered that Nottingham had conveyed to Whittle an undivided half interest in 1019-1/6 acres of land. When said contract, bond for title, and deed were executed, Nottingham was the owner of parts of land lots 212 and 220, which were omitted from said bond for title and deed by mistake. Said deed recites that the land thereby conveyed contained 660 acres, more or less, and it should recite that it contains 1019-1/6 acres, more or less. Said deed recites a consideration of $6600, and should recite a consideration of $10 per acre. When Nottingham executed his bond for title to Whittle, both parties acted, as to the number of acres contained within the boundaries thereof, upon information furnished by the county surveyor and the survey made by him prior to that time. Both parties acted on the belief that said tract of land contained 660 acres, and in accordance with said information the bond for title was executed by Nottingham, and Whittle made said cash payment on the purchase-price of said land and executed his notes for the remainder of the purchase-price on said information and under said belief. When Whittle paid his notes for the purchase-money and Nottingham executed to him his deed to said land, both parties were still under the impression that said tract contained 660 acres. By mutual mis-

take Nottingham executed his deed to Whittle conveying a half interest in 660 acres, when in fact it conveyed such interest in 1019-1/6 acres of land, and said bond for title and deed were executed under the mutual mistake of both parties, they having acted upon the belief that the survey made by the county surveyor was correct. Immediately upon the discovery of the mistake, Nottingham notified Whittle thereof and demanded settlement in accordance with the true facts. Whittle refused to make any settlement, or to consent to a reformation of the contract, and denied any liability to Nottingham for the excess over and above the 660 acres of land. Nottingham prayed for reformation of his bond for title and deed, so as to make them speak the true contract between him and the defendant, and for judgment for the balance of the purchase-money due him by Whittle under said contract. To the petition Whittle demurred upon the grounds: (1) that it set forth no cause of action; (2) that the cause of action, if any, was barred by the statute of limitations, the petition showing that it arose more than four years before the filing of the suit; (3) that petitioner has been guilty of such laches as in law and equity bar a recovery by him; and (4) that the petition does not allege any fraud, mistake, or other ground of reformation, and does not set forth a cause authorizing a recovery against him. The court overruled the demurrer, and to this judgment Whittle excepted.

1. We think the petition sets forth a cause of action for reformation and for recovery of the difference between the price of the land actually sold and conveyed and the land actually paid for. If one sells an undivided interest in all lands lying within designated boundaries, at $10 per acre, and the purchaser agrees to take and pay for an undivided interest in all the lands in such designated area at such price per acre, the quantity of acres to be fixed by survey by the county surveyor, and the county surveyor makes such survey and reports to the parties that the tract of land contains 660 acres, whereupon the owner sells and the purchaser buys upon the basis of this acreage, but the surveyor makes a mistake in the measurement of the acreage whereby the purchaser gets 1019-1/6 acres instead of 660 acres, and the owner receives pay for only 660 acres, the facts make a case of mutual mistake which will entitle the seller to a reformation of his bond

for title and his deed made to the purchaser in pursuance of his contract of purchase, and will authorize the seller to recover from the purchaser the difference in the price of the larger acreage and the smaller acreage. If the form of the bond for title and deed are by mistake contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. An unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence, is such a mistake as is relievable in equity. Civil Code (1910), § 4570. If the form of a bond for title or deed is by mistake contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. Civil Code (1910), § 4567. So where one partner bought the interest of his copartner in the partnership assets, which seemed much larger than they really were, by reason of a mistake in the partnership books, and the mistake was unknown to both partners, and neither was in laches in respect to its discovery, and where the purchase of such interest was made at a price evidently based on an erroneous set of books, this court held that the consequence of the mistake ought in equity to be corrected, where it could be done without injustice to the selling partner. This court based the correction of such mistake upon natural justice and equity. *Branch* v. *Cooper,* 82 *Ga.* 512 (9 S. E. 1130). So a petition for reformation will lie where by mistake of a scrivener and oversight of the parties a writing does not express the real contract between the parties. *Kitchens* v. *Usry,* 121 *Ga.* 294 (48 S. E. 945). We can see no difference between the mistake of a scrivener and the mistake of a county surveyor, where in consequence of the latter's mistake the parties execute instruments which do not express the real intention and contract of the parties. If both parties are mistaken as to the true boundary or lines of a survey, a court of equity will grant relief to a buyer. *Trout* v. *Goodman,* 7 *Ga.* 383. So if one sells and the other buys an interest in land within designated boundaries, by the acre, the acreage to be ascertained by survey, and the survey actually made incorrectly and by mistake represents a quantity of acreage far below the actual amount thereof, and where both parties, without knowledge of the mistake, act upon the survey, the buyer paying for much less than he received, and the seller conveying much more land than he is paid for, we see no reason why equity would

not relieve the seller against the mistake, and require the buyer to pay for the land he actually gets. Where there is a mutual mistake, equity will reform a written instrument to make it conform to the intention and real contract of the parties. *Rogers* v. *Atkinson,* 1 *Ga.* 12; *Fambrough* v. *DeVane,* 138 *Ga.* 47 (74 S. E. 762); *Green* v. *Johnson,* 153 *Ga.* 738 (4) (113 S. E. 402). In a case like the present, a court of equity will award the seller a ratable compensation for the excess of acreage over that represented by the incorrect survey of the county surveyor. Barnes *v.* Gregory, 1 Head (Tenn.), 230; Horn *v.* Denton, 2 Sneed (Tenn.), 125; Lawrence *v.* Staigg, 8 R. I. 256.

2. But it is insisted by counsel for the plaintiff in error that the allegations of the petition as to mistake in the acreage are too vague, uncertain, and meager to authorize the grant of equitable relief. The petition alleges that the owner discovered that he had conveyed a one-half interest in more than 660 acres of land to the purchaser, and thereupon had said land resurveyed, and that as a result of such resurvey he avers that he conveyed to the purchaser a one-half undivided interest in 1019-1/6 acres of land by his deed. It is insisted that the petition does not disclose who made this resurvey, that it does not allege that the surveyor making the resurvey was a competent surveyor, and it does not allege that the resurvey was accurate and correct, that nowhere in the petition is it alleged, except inferentially, that the first survey was erroneous, and that there is no specific allegation in the petition that the tract of land in question contains 1019-1/6 acres. We think the allegations of the petition, as against the general demurrer, are sufficient in these respects. They amount to statements that the first survey was incorrect and erroneous, and that by a correct survey the tract actually contains more land than that shown by the first survey. If the defendant wished more specific and direct information upon these matters, he should have demurred specially to the paragraphs of the petition containing the allegations upon this subject.

3. It is next urged that the plaintiff's cause of action is barred by the statute of limitations and by his laches in seeking the equitable relief prayed by him. The petition seeks reformation of the bond for title and deed made by the plaintiff to the defendant. It has been held that the statute of limitations applicable to an

action for specific performance is seven years. *Freeman* v. *Cooper,* 14 *Ga.* 238. It has been held that the period of limitation applicable to a petition in equity, brought to set aside a sale on account of fraud, is seven years. *Cade* v. *Burton,* 35 *Ga.* 280; *Robinson* v. *Smith,* 159 *Ga.* 269 (6) (125 S. E. 593). So it has been held that a petition for cancellation must be brought within seven years. *Knox* v. *Yow,* 91 *Ga.* 367 (5) (17 S. E. 654). By analogy to the doctrine that actions for the recovery of land can be defeated by prescriptive title acquired by possession of seven years under color of title, actions to enforce implied trusts must be brought within seven years from the time the actions accrue. *Wallace* v. *Mize,* 153 *Ga.* 374 (112 S. E. 724). By parity of reasoning and analogy, an action to reform a written instrument can be brought at any time within seven years from the time the cause of action accrues, if not barred by laches. As to the recovery of the purchase-money by the plaintiff after he secures reformation of his bond for title and deed, we do not think that the period of four years is applicable. It is true that actions upon open accounts, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, must be brought within four years from the time the right of action accrues. Civil Code (1910), § 4362. But the plaintiff is not seeking to recover upon an open account, or upon a contract not under the hand of the party sought to be charged, or upon an implied assumpsit or undertaking. So far as the recovery of purchase-money is concerned, he is seeking to recover it under a contract under the seal of the party sought to be charged. We do not think that the present action is barred by the statute of limitations.

4. Is the plaintiff barred by laches? The bond for title sought to be reformed was made on June 27, 1921. The deed sought to be reformed was made on February 5, 1923. The discovery by the plaintiff of the error in the survey was had on September 12, 1925. The petition in this case was filed on October 1, 1925. Under these facts we can not hold, as a matter of law, that the petition of the plaintiff is barred by his laches.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., and ATKINSON, J., concur in the result, but dissent from the ruling in the third headnote. That ruling purports

to fix a period of seven years as one of arbitrary limitation, without legislative enactment to that effect.