28388. JONES v. CITIZENS & SOUTHERN NATIONAL BANK.

INGRAM, Justice. This appeal is from a summary judgment of the Superior Court of Laurens County concluding that appellant's

claim for specific performance of an oral agreement to convey an interest in land is barred by one of several statutes of limitation.

The litigation began when appellee Citizens & Southern National Bank, as the executor of the last will and testament of Mr. R. L. Stephens, filed a complaint seeking direction with respect to the distribution of certain real estate and its net rental profits in the estate. The beneficiaries under the will were named defendants in the complaint for direction in addition to the administrator of Mrs. R. L. Stephens and her heirs at law. The trial court disallowed the claim of the deceased wife's administrator and this is the issue for decision on appeal.

The facts contended by the administrator's claim are these: Prior to the death of both Mr. Stephens and Mrs. Stephens, they owned a corporation for the operation of a mercantile business in Dublin. Mr. Stephens owned 60 percent of the outstanding stock and Mrs. Stephens owned 40 percent of the outstanding stock of the corporation. Mr. Stephens decided to dissolve the corporation and a resolution to accomplish the dissolution was adopted by the stockholders on December 31, 1964. In January, 1965, during the dissolution process, Mr. Stephens met with his wife and her attorney at the home of a friend to discuss the status of the real estate that is now involved in the distribution of Mr. Stephens' estate. At that meeting, the appellant contends, Mr. Stephens stated to Mrs. Stephens and her attorney that the real estate actually belonged to the corporation, in which Mrs. Stephens owned 40 percent of the outstanding stock, inasmuch as Mr. Stephens had agreed to deed the property to the corporation at the time it was organized but through neglect had not done so. Mr. Stephens orally agreed at the meeting with his wife and her attorney that if she would not file a lawsuit and allow him to proceed with the dissolution of the corporation he would deed to Mrs. Stephens an undivided 40-percent interest in the real estate as soon as the dissolution became final. Appellant contends that Mrs. Stephens accepted this proposal by Mr. Stephens and in his presence instructed her attorney not to take any legal proceedings against Mr. Stephens concerning the corporation.

Mr. Stephens died testate on July 18, 1967, without having deeded the undivided 40-percent interest in the realty to Mrs. Stephens and he had record title to the realty at his death. Mrs. Stephens was adjudicated incompetent to manage her own affairs on August 24, 1967, and, without ever being restored to competency,

she died intestate on September 24, 1969.

Mrs. Stephens' administrator and her heirs demanded that the executor of Mr. Stephens' will convey the undivided 40-percent interest in the realty to the heirs of Mrs. Stephens, but the executor declined to do so in view of claims made to the realty by beneficiaries under Mr. Stephens' will. The superior court was then asked for distribution direction by the executor. Responsive pleadings were filed on May 10, 1972, by Mrs. Stephens' administrator, seeking specific performance of the alleged oral agreement to convey an undivided 40-percent interest in the realty. The trial court found this claim was barred.

Essentially, the executor and beneficiaries under Mr. Stephens' will urged the administrator's claim was barred under one of three statutes of limitation and the trial court's summary judgment finding against the appellant-administrator's claim is based upon its determination that the claim is barred by one or more of these three statutes of limitation. These statutes will be considered in reviewing the correctness of the judgment appealed from in this case.

I.

Appellees argue that either Code Ann. § 22-1325 or § 22-1874 is applicable as a limitation on the prosecution of appellant's claim. The latter Code section was in effect until the present Georgia Corporation Code became effective on April 1, 1969, and the new Code includes section 22-1325. The corporate dissolution involved in this case was accomplished under the prior law and would appear to be governed by its provisions. See Southern Land, Timber & Pulp Corp. v. U. S. A., 322 FSupp. 788 (N. D. Ga., 1970).

However, we do not regard either of these limitation statutes to be applicable as a bar to appellant's claim. Both statutes deal with claims involved in corporate dissolution. Appellant's present claim is not against the corporation or its assets. The claim originally urged by Mrs. Stephens concerning the land did involve the corporation and Mr. Stephens. However, that claim was relinquished by Mrs. Stephens in exchange for Mr. Stephens' agreement to convey an undivided 40-percent interest to her in the realty to which he held title. Thus, the enforceable life of the latter claim arising out of the alleged oral agreement must be measured by a different limitation yardstick.

II.

According to the appellant, under the terms of the oral agreement between Mr. and Mrs. Stephens, she was to forbear filing a

lawsuit and allow Mr. Stephens to proceed with the corporate dissolution. Mr. Stephens, in turn, promised to convey the agreed interest in the land as soon as the dissolution of the corporation became final. Forbearance to prosecute a legal claim and the compromise of a doubtful right are both sufficient considerations to support a contract. *Austell v. Rice,* 5 Ga. 472 (3). The alleged oral agreement between Mr. and Mrs. Stephens was made in January, 1965. Under the law then existing (Code Ann. § 22-1874), corporate existence continued for a period of three years following dissolution. Thus the dissolution of the corporation did not become final until December 31, 1967. So the parties contemplated that Mr. Stephens' obligation to convey the undivided 40-percent interest in the realty would arise on December 31, 1967, three years from the date of the corporate dissolution.

### III.

What time elapse limitation is applicable to the enforcement of this alleged claim which arose on December 31, 1967? Appellant relies on *Whittle v. Nottingham,* 164 Ga. 155 (138 SE 62), to urge that the applicable limitation period is seven years. The *Whittle* case involved a petition for reformation of written instruments and this court held seven years was the correct limitation period in that action. In the *Whittle* case, *Freeman v. Cooper,* 14 Ga. 238, is given as authority that "the statute of limitations applicable to an action for specific performance is seven years." *Whittle v. Nottingham,* supra, pp. 160, 161. In the *Freeman* case, supra, Cooper was in debt on a judgment and his land was levied on to pay the judgment. He made an oral agreement with Scott for Scott to purchase the land at the sheriff's sale and then permit Cooper to repurchase the land for the sum paid by Scott, plus interest. Scott purchased the land at the sheriff's sale for less than its market value and Cooper paid him the price of the purchase plus interest. Scott promised to convey the title but never did so. Both parties died and their legal representatives were involved in the action brought for specific performance of the oral agreement to convey the land. This court held the Statute of Frauds inapplicable due to Cooper's performance and the action was not barred because it was brought within seven years.

### IV.

We conclude that seven years is the limitation rule we should apply in this case and that neither the provisions of Code § 3-706,

applied by the trial court, nor the provisions of § 3-711, is applicable to this claim. See also *Knox v. Yow,* 91 Ga. 367, 376 (17 SE 654), and *L. & N. R. Co. v. Nelson,* 145 Ga. 594, 600 (89 SE 693). We also note that in claims to recover land, when fraud is charged, it has been held that the applicable period of limitation is seven years from discovery of the fraud. See *McWhorter v. Cheney,* 121 Ga. 541, 547 (49 SE 603). The same period of time has been held applicable to actions to impose and enforce implied trusts involving title to land. *Wallace v. Mize,* 153 Ga. 374, 383 (112 SE 724).

### V.

It is observed, however, that even if the enforceable life of the present claim should be measured by the four-year statute of limitation, the period of time during which the statute of limitation was tolled, under the provisions of Code §§ 3-801 and 3-803,. requires a conclusion that the trial court erroneously determined appellant's claim is barred by lapse of time. Thus, in our judgment, appellant's claim is viable but subject to proof in the trial court. See *Pickett v. Paine,* 230 Ga. 786, 794 (199 SE2d 223).

*Judgment reversed. All the Justices concur, except Gunter and Jordan, JJ., who concur specially.*

SUBMITTED NOVEMBER 13, 1973 — DECIDED FEBRUARY 25, 1974.

*James V. Hilburn, W. W. Larsen,* for appellant.

*Sell, Comer & Popper, Ed S. Sell, III, Dawson Kea, Thompson & Broadfoot, H. Dale Thompson,* for appellee.

GUNTER, Justice, concurring specially. I agree that the judgment in this case must be reversed, but my disagreement with the majority opinion is that it says that a seven-year limitation period is applicable in this case.

To me, a statute of limitation is just that, a statute. In our system a statute is enacted by the General Assembly of Georgia. A limitation period established by a judicial decision is not, in my opinion, a statute. And where a statutory limitation period conflicts with a limitation period established by judicial decision, then the former must prevail.

I do not find any statutory enactment establishing a limitation period of seven years in Georgia.

The appellant's claim in this case against the executor is either an action for specific performance of an oral contract to convey

land or for the breach of an oral contract to convey land. Code § 3-706 provides: "All actions . . . for the breach of any contract not under the hand of the party sought to be charged . . . shall be brought within four years after the right of action shall have accrued." Code § 3-711 provides: "All other actions upon contracts express or implied, not hereinbefore provided for, shall be brought within four years from the accrual of the right of action."

It is my view that the appellant's claim here is nothing more than an action to enforce an oral contract or an action to obtain damages for breach of an oral contract. Therefore, a four-year limitation period as established by the above-quoted statutes is applicable.

I agree with Chief Justice Russell and Justice Atkinson in their partial dissent in *Whittle v. Nottingham,* 164 Ga. 155, supra, p.161, where they dissented from the ruling in Headnote 3, saying: "That ruling purports to fix a period of seven years as one of arbitrary limitation, without legislative enactment to that effect."

In short, I think that a judicially established limitation period must and should give way when there is an applicable limitation period enacted into law by a statute passed by the General Assembly of Georgia. I would not hold that a seven year limitation period is applicable in this case.

I am authorized to state that Mr. Justice Jordan joins in this special concurrence.