29952. GASKINS v. VICKERY et al.

HALL, Justice.
This is a dispute over title to real property in which plaintiffs below claimed to have bought land in instalments, and defendant asserted that the payments so made were merely rent. The plaintiffs, who prevailed at trial, are the heirs of Lonnie Vickery (hereinafter, the Vickery heirs), and defendant is Phillip Gaskins. The Vickery heirs claim that the house and land in dispute belong to them as a consequence of a 1960 oral contract in which Lonnie Vickery agreed to buy the premises from Gaskins, who was then the owner, by assuming the

indebtedness on Gaskins' deed to secure debt then held by M. J. Moore with 13 years or more yet to run.

As will appear, suit in equity was brought some months prior to the due date of the last payment, and plaintiffs' theory was bottomed primarily on Code Ann. § 37-802 and upon evidence of what they argued was Gaskins' attempt to make the last few payments himself and forestall their acquiring full title. They prayed that Gaskins be ordered to execute a warranty deed to them. Prior to the trial date the last payment fell due and was made. At trial, Gaskins introduced no evidence and called no witnesses, choosing to rely upon his contentions that as a matter of law plaintiffs had failed to prove their case.

The jury returned a verdict for the Vickery heirs, and the trial court entered judgment thereon. Now Gaskins appeals from the trial court's denial of both his motion to dismiss the complaint and his subsequent motion for judgment notwithstanding the verdict.

1. Without deciding whether we agree with Gaskins' argument on appeal that Code Ann. § 3-711 is the statute of limitation applicable to this action (contra, *Jones v. Citizens & Southern Nat. Bank,* 231 Ga. 765, 768 (204 SE2d 116)) we rule that his claim that this action is barred by Code Ann. § 3-711 is without merit for two reasons. First, this was not the statute urged in either of his motions from the overruling of which he now appeals. Because the argument under this statute is sought to be raised for the first time on this appeal, it presents nothing for decision. On the merits, however, any right the Vickerys had to restrain Gaskins' threatened breach of the alleged oral contract could not accrue until such threat occurred, which was shortly before the filing of suit. They had no obligation to bring suit earlier to compel delivery of a deed. See *Toombs v. Hilliard,* 209 Ga. 755 (5a) (75 SE2d 801). Thus, Gaskins' reliance upon the statute of limitation cannot succeed.

2. Gaskins' claim that only the legal representative of the deceased Lonnie Vickery could have brought suit is without merit because there was testimony that no legal representative nor administrator was appointed. Under Code Ann. § 113-901, plaintiffs, as Vickery's heirs at law (a conclusion which the record supports) were proper

parties whether the claim to this realty be viewed as an equitable estate in land or as a mere chose in action.

3. Gaskins' enumeration urging error in failure to recite the value of the property in the equitable complaint is sought to be raised for the first time on this appeal and is accordingly barred. Additionally, such failure is of no consequence under the currently applicable notice pleading approach. See also *Durbin v. Woods,* decided September 11, 1975.

4. Review of the record shows that Gaskins was not entitled to a directed verdict as a matter of law, and the Vickery heirs did not fail in making out the terms of the alleged oral contract. The terms of the contract were shown to be that the Vickery family could move into the house and purchase it over a period of 13 years and four months by keeping up the premises, paying the taxes and insurance, and making the payments on the deed to secure debt given by Gaskins to Moore as same became due. The record as a whole was adequate to authorize the jury to conclude that Gaskins, either on his own behalf or through others, entered into such a contract with Lonnie Vickery.

5. We give no consideration to Gaskins' argument based upon the statute of frauds, as this was at no time placed before the trial court and is sought to be raised for the first time on this appeal.

6. The record refutes Gaskins' contention that no evidence was presented of the value of the property, though we additionally note that this argument is raised for the first time on this appeal.

All enumerated errors being without merit, the judgment of the superior court will be affirmed. Appellees' motion to dismiss is denied.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 19, 1975 — DECIDED SEPTEMBER 2, 1975.

*Knight, Perry & Franklin, W. S. Perry,* for appellant.
*Yancey & Perkins, Carson Dane Perkins,* for appellees.