58224. HICKOK et al. v. STARKA INDUSTRIES, INC.

CARLEY, Judge.

Starka filed suit against A. C. Hickok and Hugh Oliver as guarantors of a past due indebtedness of Nature Island, Inc., in the amount of $41,002.16. The guaranty

agreement was executed on December 5, 1977, and recited as consideration ". . . the sum of One Dollar ($1.00) as well as for the purpose of seeking to induce Starka to extend the credit to Nature Island, Inc. and the forebearance of Starka to demand and enforce immediate payment of said indebtedness as well as for the purpose of protecting the ownership interest and the employment status of Oliver and Hickok in Nature Island, Inc. and for other good and valuable consideration, receipt of which is acknowledged, . . ." Nature Island, Inc. had previously instituted Chapter XI bankruptcy proceedings in federal court on November 22, 1977. After a nonjury trial the trial court found in favor of Starka. Defendants appeal, enumerating as error the findings of the trial court that both they and Nature Island were liable to Starka on the debt. They argue (1) that any indebtedness of Nature Island was included in the Chapter XI proceeding and (2) that there was a failure of consideration as to them as guarantors because the claim against Nature Island was unenforceable as a result of the bankruptcy and because the $1 recited in the guaranty agreement was never paid.

Appellants, who are not parties to the bankruptcy proceeding, contend that all actions against Nature Island were stayed by the filing of the Chapter XI petition and that, therefore, the underlying debt of Nature Island is not enforceable. In *North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 433 (5) (221 SE2d 607) (1975), this court held that "bankruptcy proceedings do not, merely by virtue of their maintenance, terminate actions *already pending in a state court to which the bankrupt is a party.* [Cit.]" (Emphasis supplied.) However, the bankrupt (Nature Island) is not a party here and Starka's forbearance to institute an action against Nature Island may be consideration to support the guaranty agreement of Hickok and Oliver. "Forbearance to prosecute a legal claim and the compromise of a doubtful right are both sufficient considerations to support a contract. [Cit.]" *Jones v. C. & S. Nat. Bank,* 231 Ga. 765, 768 (2) (204 SE2d 116) (1974).

Thus whether or not under the facts here there was forbearance sufficient to constitute consideration for the guaranty is a material issue, but the findings of the trial

court are so deficient they preclude review. While there is a document labeled "Findings of Fact and Conclusions of Law," the crucial conclusion of law recites: "A good and valuable consideration was given in return for the execution of the guaranty by defendants." This conclusion is based upon the following finding of fact: "A good and valuable consideration was given in exchange for the execution of the guaranty."

This sort of bootstrapping will not suffice. "In a non-jury case, it is mandatory that the trial court make findings of fact and conclusions of law. CPA § 52 (a) (Code Ann. § 81A-152 (a)); *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). In *Spivey,* it was stated that one of the purposes of findings is as an aid in the appellate courts' review; and that findings should be inclusive enough to afford an intelligent review." *Donaldson v. Hopkins,* 132 Ga. App. 713, 714 (209 SE2d 131) (1974). " 'The statute . . . explicitly requires the findings and "Where the trial court fails to make findings; *or to find on a material issue,* and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made." [Cits.]' (Emphasis supplied.)" *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714, 720 (2) (209 SE2d 6) (1974).

Accordingly, the appeal is remanded with direction that the judgment be vacated and a new one entered with appropriate findings of fact and conclusions of law, after which the losing party shall be free to enter another appeal.

*Judgment remanded with direction. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED OCTOBER 9, 1979.

*Lynwood A. Maddox,* for appellants.
*Dennis M. Hall,* for appellee.