59559. HICKOK et al. v. STARKA INDUSTRIES, INC.

Carley, Judge.

On November 22, 1977, Nature Island, Inc., instituted Chapter XI bankruptcy proceedings in federal court. Thereafter, on December 5, 1977, Hickok and Oliver executed a guaranty contract in which they agreed to be guarantors of Nature Island's past due indebtedness to Starka. The guaranty contract recited as consideration ". . . the sum of One Dollar ($1.00) as well as for the purpose of seeking to induce Starka to extend the credit to Nature Island, Inc. and the forebearance of Starka to demand and enforce immediate payment of said indebtedness as well as for the purpose of protecting the ownership interest and the employment status of Oliver and Hickok in Nature Island, Inc. and for other good and valuable consideration, receipt of which is acknowledged . . ."

Starka subsequently brought suit against Hickok and Oliver on their guaranty contract. A non-jury trial was held and judgment was entered in favor of Starka and against Hickok and Oliver. In *Hickok v. Starka Industries,* 151 Ga. App. 668 (261 SE2d 418) (1979), this judgment was vacated and remanded with direction that the trial judge make appropriate findings of fact and conclusions of law and enter a new judgment. The instant appeal is from the judgment entered by the trial judge pursuant to that direction.

The issue presented for resolution is whether there was good and valuable consideration supporting Hickok and Oliver's guaranty agreement to serve as guarantors of Nature Island's past indebtedness. "The obligation of a surety may be for a previously existing obligation if there is a consideration for the execution of the instrument. [Cit.]" *Nichols v. Miller,* 91 Ga. App. 99, 101 (84 SE2d 841) (1954). Hickok and Oliver urge that all actions against Nature Island were stayed by the filing of the Chapter XI petition and that, therefore, the underlying debt of Nature Island to Starka was not enforceable. On this basis it is further urged that Starka's forebearance "to demand and enforce immediate payment of said indebtedness" is not consideration for the guaranty agreement

because Starka was, in effect, agreeing not to do what it had no right to do anyway. Starka, in opposition, relies upon *North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 433 (5) (221 SE2d 607) (1975), wherein this court held that "bankruptcy proceedings do not, merely by virtue of their maintenance, terminate actions *already pending in a state court to which the bankrupt is a party.* [Cit.]" (Emphasis supplied.) Even though Starka had no action pending against Nature Island at the time the latter filed Chapter XI proceedings, it is argued that under applicable law such an action could have been brought and prosecuted absent a stay order specifically directed against Starka. Starka, therefore, argues that "[f]orbearance to prosecute a legal claim and the compromise of a doubtful right are both sufficient considerations to support a contract. [Cit.]" *Jones v. C. & S. Nat. Bank,* 231 Ga. 765, 768 (2) (204 SE2d 116) (1974). We have reservations about the applicability of *North Peachtree I-285,* which dealt with actions pending at the time of filing bankruptcy proceedings, in the instant case, in which there were no pending actions, and Starka's argument based thereon that forbearance to bring legal action against Nature Island standing alone would be sufficient consideration to support Hickok and Oliver's guaranty contract. However, in view of the other consideration expressed in the contract, we need not resolve the issue sub judice by interpretation of the bankruptcy law and whether Starka could or could not bring an action against Nature Island.

As indicated above, the guaranty contract, which was under seal, stated consideration of "the sum of One Dollar ($1.00) . . ., receipt of which is acknowledged." " 'Where a contract contains a recital of the payment of one dollar as its consideration, the contract is valid though the sum named was not actually paid. It creates an obligation to pay that sum, which can be enforced by the other party.' [Cits.] Accordingly, we find the contract was supported by monetary consideration which was agreed to, in writing . . . We need not reach the remaining averment within the contract as to other consideration." *Jolles v. Wittenberg,* 148 Ga. App. 805, 807 (255 SE2d 203) (1979).

The trial judge found that Hickok and Oliver executed the guaranty contract and that they were indebted to Starka in the amount of Nature Island's indebtedness. That judgment is affirmed, pretermitting the validity of the trial judge's "conclusion of law" that Starka's forbearance to sue was "good and valuable consideration" therefor. *Broyles v. Kirkwood Court Apts.,* 97 Ga. App. 384 (103 SE2d 97) (1958).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED MAY 12, 1980.

*Lynwood A. Maddox,* for appellants.
*Dennis M. Hall,* for appellee.