Frazer *vs.* Sibley *et al.*

----

HILORY B. FRAZER, plaintiff in error *vs.* JOSIAH SIBLEY *et al.*, executors, defendants in error.

1. When a suit was brought against Robert Campbell as a stockholder in a corporation, on his statutory liability for a debt due by the corporation, and the process was returned served by the sheriff thus : " Served the within by leaving a copy at the residence of Robert Campbell," and the defendant not appearing, a verdict and judgment was taken against Robert Campbell, and an execution for the same being levied on the property of Robert Campbell, he filed his bill in equity, alleging that he never had been a stockholder in said company, but that there was another Robert Campbell of the county who was such stockholder, and alleging further that he had no notice of said suit, and that if a copy was left at his residence he did not get it, or have any knowledge of it, and praying that the judgment should be enjoined against him. On the trial it was proven by the sheriff that he had left the writ at the residence of the present complainant, and this was all the proof *pro* or *con* on the subject of service, but the complainant showed by Mr. Sibley that he had not been a stockholder in said company, but that the other Robert Campbell was a stockholder :

*Held*, That it was error in the Judge to charge the jury that the judgment did not conclude the complainant, unless he was personally served with the process.

2. As there was no affirmative evidence on the trial to show which Robert Campbell the plaintiff had intended to sue, and the complainant having been duly served with process in that suit according to law, it was his duty to appear and defend the same, and having failed so to

do, he is concluded by the judgment, it being the legal presumption that it was made to appear on that trial that the defendant then served was a stockholder, as charged in the declaration, and the jury should in this case have found against the complainant unless it had been made to appear that the verdict in the other suit was obtained by perjury or by taking a verdict without proof (as in case of a judgment by default) of anything but the original judgment.

3. It was not error in the Judge on the trial to permit the statement of the witness Sibley, that " he had no idea that complainant was a stockholder," taken in connection with the witness' other statements; this is only another mode of stating the recollection of the witness that he was not a stockholder.

Service. Judgment. Presumption. Evidence. Before Judge GIBSON. Richmond Superior Court. April Term, 1873.

Hilory B. Frazer recovered a judgment against the Iron Steamboat Company, on June 24th, 1861, after publication of notice under Act of December 10th, 1841, of the commencement of the suit.

When the execution was placed in the sheriff's hands no corporate property could be found. On the 31st of December, 1869, Frazer commenced suit against certain persons as stockholders to enforce the liability imposed on them under the 14th section of the Act of incorporation, approved December 22d, 1835, that " the property of the stockholders shall be bound for all contracts or liabilities made or incurred by said company in proportion to the amount of their stock." A copy writ was served May 5th, 1870, by leaving it at the residence of Robert Campbell, and judgment was rendered against him and others on January 12th, 1872, by default. Execution issued February 3d, 1872. On the 27th of the following May, Campbell filed his bill against Frazer, which set forth the above recited facts, and made substantially the following case :

Complainant never was a stockholder in said Iron Steamboat Company, but he is informed and believes that his nephew, known as Robert Campbell, Jr., residing in the same county with him, was a stockholder therein. He submits that

the Robert Campbell sued in said action was the stockholder of that name and not complainant. He had no actual notice of the institution and pendency of said action, and if a copy of the declaration was ever left at the residence of complainant, as alleged in the return of the sheriff, the truth of which he can neither admit nor deny, it was not brought to his knowledge. But, that if any such copy declaration was left at his residence, it was so done by the mistake of the sheriff, as the plaintiff in said declaration had not brought suit against him, but against his nephew, the said Robert Campbell, Jr. If said plaintiff did, indeed, intend to sue complainant, it was through a mistake in supposing that he was a stockholder in said company. Complainant submits that the judgment obtained upon either mistake is invalid. The judgment thus obtained is for the principal sum of $1,044 38, and $240 00 interest to judgment, with accruing interest and costs.

Prays discovery, that defendant be enjoined from enforcing said judgment, and the writ of subpœna.

The answer is unnecessary to an understanding of the decision and is therefore omitted.

The complainant offered the testimony of Josiah Sibley, that "he was a stockholder in the Iron Steamboat Company from about the time of the incorporation of the company, to the best of his knowledge, recollection and belief, and continued to be such during the existence of the company. He recollects that Robert Campbell, Jr., was at one time a stockholder of said company, and does not know that he ever ceased to be such. To the best of his knowledge, recollection and belief, Robert Campbell, Sr., never was a stockholder in said company. He further states that he now has no idea that Robert Campbell, Sr., ever was such stockholder, and that, for a considerable period, he cannot say how long, he (Sibley) was a director."

To the words, " that he has now no idea that Robert Campbell ever was such stockholder," the defendant objected as inadmissible. The objection was overruled, and defendant excepted.

The complainant closed his case, when defendant, after offering his answer, where responsive to the bill, the exhibits annexed to complainant's bill, and the testimony of the sheriff showing the service at the residence of Campbell, closed.

The jury rendered a verdict for complainant, and a decree was entered enjoining the *fi. fa.* and taxing costs against the defendant.

The defendant moved for a new trial on the following grounds:

1st. Because the verdict of the jury was contrary to the evidence and the principles of justice and equity.

2d. Because the Court refused to charge the jury in the language requested, such request being submitted in writing by defendant's solicitor, "that if Robert Campbell, the complainant, was served with process in the common law suit and failed to plead it, the judgment is conclusive, and he cannot go behind it."

3d. Because the Court refused to charge the jury in the language requested, such request being submitted in writing, "that service of the copy writ at the residence of Robert Campbell is all that the law required, and personal notice is not required to be brought home to him."

4th. Because the Court, when he refused the requests aforesaid, stated, "that if Robert Campbell had been served personally, it was conclusive, but the leaving of the copy writ at his residence was not."

5th. Because the Court refused to charge the jury, at request of defendant's solicitor, such request being presented in writing, "that the public notice of suit, to bind the stockholder, as authorized by the Act of December 10th, 1841, Code, section 3295, was cumulative only, and that stockholders in the Iron Steamboat Company, which was incorporated December 22d, 1835, are not bound thereby." The Court did charge down to the word cumulative, but refused the balance.

6th. Because the Court, in concluding its charge, said, "It was the duty of the jury to ascertain if Campbell had been

personally served, and if not, then they were to ascertain whether he was a stockholder; that all legal presumptions were in favor of the judicial records of the Court, but that it was the peculiar province of a Court of equity to correct mistakes at law, and if a mistake had been made in serving the wrong person, who had not been personally served with process, the judgment against him should be perpetually enjoined."

7th. Because the Court admitted in evidence, defendant objecting, the statement of the witness, Josiah Sibley, "That he now has no idea that Robert Campbell, Sr., ever was such stockholder."

The motion was overruled and the defendant excepted, upon each of the grounds aforesaid.

The complainant having died after the case was carried to the Supreme Court, his executors were made parties in this tribunal.

F. H. MILLER; R. H. CLARK, for plaintiff in error.

1. The complainant had an adequate remedy at law, and there is no equity in the bill: Dasher vs. Dasher, decided July 11th, 1872; Code, sec. 3264; 46 Ga., 396; Griffeth vs. Mitchell, decided August 12th, 1873. For he should have waited for a levy to have been made, and then filed his affidavit of illegality as to the service: Code, sec. 3621; 26 Ga., 140. Or traversed the sheriff's return, the first term after notice.

2. To sustain the absence of service, the proof must be strong: 14 Ga., 36. For the sheriff's return will be presumed legal: 19 Ga., 279; 39 *Ibid.*, 22. There was no proof offered by complainant, even by himself, that he had not been served as stated, that he had not received the copy writ, nor of the time when he first received notice of the sheriff's return, and his allegations to that effect in his bill were denied by the defendant and disproved by the sheriff: Brown vs. Gill, decided September 23d, 1873.

BARNES & CUMMING, for defendant.

McCAY, Judge.

1. By the express words of the Code, section 3263, (Irwin's,) it is a sufficient service of a writ in an ordinary action, for the sheriff to leave it at the residence of the defendant, and the sheriff's return that he has so done authorizes the plaintiff to proceed just as effectually as if the service had been personal.   We cannot, therefore, agree with the Judge in his charge that the defendant was not bound by the judgment, unless it affirmatively appeared that he had got actual notice of the suit.   If this be the law, the provision of the Code, authorizing such a service, is not only nugatory, but it will act as a trap upon plaintiffs.   We are not prepared to say that if a case should occur of such a service, and it should be made affirmatively to appear that the defendant did not, in fact, get any notice, and a judgment by default was taken against him in a case where he had a good legal defense, a Court of equity would not grant him a new trial ; but, in this case there was no such evidence.   The complainant, it is true, does say this in his bill, but there was no effort to make any proof of want of notice at the trial.   Since our evidence Act of 1866, the failure of the defendant to appear as a witness to make such proof, is an indication that it does not exist.   Especially is it true that he has no right to complain, if he is presumed to have got the copy left by the sheriff at his residence, if he fail to appear as a witness to deny it.

2. But it is said that this charge can have done no harm, as the proof shows that the Robert Campbell, now complaining, was not the Robert Campbell sued, and that the judgment is none the better than would a judgment against John Doe be a good judgment against Richard Roe, even if Richard Roe were served.   It is said that, even admitting the Robert Campbell filing this bill to have been duly, nay, personally served, yet, as the suit was against another Robert Campbell, the judgment is not binding.   But there is no proof that the present complainant was not the very Robert Campbell intended to be sued.   He was the person served, and a Robert

Campbell was, in fact, a stockholder in the company. The plaintiff testifies that he did not know which one was the stockholder, and there is nothing in the evidence to show that it was his intent to sue the other Robert Campbell. There is, in fact, nothing in the evidence to show that the suit was not intended to be against the present complainant, except the evidence of Mr. Sibley that the other Robert was the stockholder. But it seems to us that is a small matter, unless it appeared that the plaintiff knew it. The present complainant was served. It was his duty to appear and defend the suit. Here was a regular suit against Robert Campbell. A Robert Campbell was served with the writ, and he allowed judgment to go against him. It appears to us that it is trifling with the Court for Robert Campbell to come up and say: "This is not a good judgment, because I did not owe any such debt, and, therefore, I am not the person sued." The John Smiths of the country, under such a rule, might always open a judgment, even after personal service. All any one of that numerous family would have to do would be to say: "True, I was served, but I knew I did not owe any such debt as complained against me, and I paid no attention to the suit. It is a fact that I did not owe such a debt, and I insist upon it that the judgment does not bind me." The proof in this case is clear that the complainant was the party served. It is clear to us that the judgment estops him unless he can attack it for fraud. He had a right, even if duly served, to expect, under our law, that the plaintiff would prove his case. We have, in this State, no judgment by default, in the proper sense of those words, except in an action on an open account, when there is personal service, and any man served with a writ has a right to expect the plaintiff will prove his case. The presumption of law is, that it was proven before the jury finding the verdict that the defendant was a stockholder in this company. That is, too, a conclusive presumption, unless it be made affirmatively to appear that, by some *unfair* and *illegal* means, this verdict was obtained without such proof. If the verdict was procured by perjury, that would be a clear case;

or, if the verdict was taken as a matter of form, as it is often done when the action is on a written agreement to pay money, and the defendant does not, on oath, deny the agreement, that might, if, in fact, the case required proof, be a legal fraud—an imposition—perhaps a thoughtless one, or one based on mistake, upon the jury. But, unless fraud or perjury be shown the presumption is conclusive that proof was made that the cause of action on the writ did, in fact, exist against the Robert Campbell served.

3. We think there was no error in permitting the statements of Mr. Sibley. His language cannot fairly be said to be only the expression of his opinion. It is only a stronger way of stating what he had before said, to-wit: his recollection of the facts, from what he had seen and known of the company and its members.

Judgment reversed.