### EVANS *et al.* *v.* FARKAS.

GILBERT, J.   1. If the judgment of the court of ordinary granting leave to sell land of an intestate is procured and the sale is made, and the deed executed to the purchaser is in pursuance of a fraudulent scheme,

Executors and Administrators, 24 C. J. p. 677, n. 54; p. 692, n. 28. Pleading, 31 Cyc. p. 293, n. 97; p. 318, n. 94.

28

and the purchaser has notice of such fraud, the title of the heirs will not be divested. *Robinson* v. *Smith*, 159 *Ga.* 269 (2) (125 S. E. 593).

2. It follows from the above ruling, that, although there is no prayer that the order of sale be set aside and although said order has not been set aside, purchasers who, under the allegations of the petition, had notice of the fraud inducing the sale will derive no title.

3. The sole question is whether the court erred in sustaining a general demurrer to the petition. The suit was brought to recover land by heirs who alleged that the land was brought to sale through fraud, fully alleged, on the part of some of the parties to the conveyances, of which the defendant had notice. *Held*, that the court erred in sustaining the general demurrer.

4. "A bill defective for want of parties must, generally, be demurred to specially, and the demurrer must show who are the proper parties." *Hightower* v. *Mustian*, 8 *Ga.* 506 (3), 510. The demurrer in the instant case is insufficient in this respect.

*Judgment reversed. All the Justices concur.*

No. 5393. DECEMBER 15, 1926. REHEARING DENIED JANUARY 14, 1927.

Equitable petition. Before Judge Custer. Dougherty superior court. March 25, 1926.

*J. T. Mann, R. S. Roddenbery Jr.*, and *H. A. Peacock*, for plaintiffs.

*Milner & Farkas*, for defendant.