## KETCHEM *v.* KETCHEM.

No. 13445. NOVEMBER 13, 1940.

*Cecil V. Whiddon* and *F. L. Breen,* for plaintiff in error.
*Frank A. Doughman* and *Noah J. Stone,* contra.

REID, Chief Justice. J. V. Ketchem (hereinafter, when convenient, referred to as the respondent) filed suit for divorce and secured the two required verdicts. Code, § 30-101. During the same term at which the final verdict was rendered Mrs. Ketchem (hereinafter, when convenient, referred to as the movant) filed a motion to set aside that verdict. The motion came on regularly for hearing, and after the submission of evidence by both parties it was dismissed by the judge. The movant excepted.

It seems clear that when, in an action requiring personal service on the defendant, there is no official service of the petition, but the case proceeds on an acknowledgment by the defendant of service

thereon, under the Code, § 81-211, a verdict rendered therein in favor of the plaintiff is invalid, if the acknowledgment was in fact a forgery or was obtained by fraud (see *Wade* v. *Watson,* 133 *Ga.* 608, 66 S. E. 922), and that a motion to set aside such verdict, made at the same term at which it was rendered, would be available, even though the defect does not appear on the face of the record. *Ford* v. *Clark,* 129 *Ga.* 292 (58 S. E. 818); *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483); *Moore* v. *Moore,* 139 *Ga.* 597 (77 S. E. 820); *Roberts* v. *Roberts,* 150 *Ga.* 757 (105 S. E. 448); *Wright* v. *Martin,* 153 *Ga.* 32 (111 S. E. 190). The present case does not, however, call for the application of these principles.

The movant alleged, that on or about December 9, 1939, the attorney for the defendant in error called her to come by his office to discuss the differences existing between her and Mr. Ketchem; that instead she went to the office of another attorney and employed him to file for her a suit for divorce and alimony; that on December 12, 1939, she went to the office of her attorney "and signed the jurat verifying what this movant understood to be her petition for divorce, together with other papers which he [her attorney] represented to be essential and necessary for movant to sign in order to institute her divorce proceedings;" "that movant has just ascertained that among the papers she signed . . was a 'process back,' bearing the following: 'Service acknowledged. Copy received. All other and further service waived. It is agreed by the defendant that this case may be tried at the January term of this court;' that movant did not know . . she was acknowledging service in the instant case, nor did she receive any copy of the petition thereon or understand that she was waiving any service or notice in the instant case, nor did any person on said occasion or subsequent thereto explain to this movant the purport or meaning of said language." Her affidavit introduced in evidence at the hearing was in part as follows: "This affiant never at any time understood that she was signing any acknowledgment of service in the instant suit. . . This affiant did not receive any copy thereof. This affiant never in fact acknowledged any service on the suit in the instant case." At the time her attorney "presented this affiant with the papers to sign, preparatory to the institution of her, as affiant understood it, divorce and alimony action, this affiant signed a number of papers in the office of 'her attorney,' re-

lying on his representation that her signature was essential and necessary for the filing of her divorce suit." The attorney for the respondent testified by affidavit, in part, as follows: "Deponent . . says that when the defendant acknowledged service on the divorce suit filed by the plaintiff (respondent), the acknowledgment was signed in the presence of" her attorney; "that deponent then and there handed a copy of said divorce to Mrs. Lucile S. Ketchem, who in turn handed it to her attorney."

It can not be seriously disputed that the judge was authorized to find, under the pleadings and the evidence, that a copy of the divorce petition was in fact served on movant by the attorney for Mr. Ketchem, and that she thereupon executed an acknowledgment of service on the back of the original petition. The jurisdiction of a court of the person of a defendant resident in the county where suit is brought does not depend on the defendant's actual knowledge of the pendency of the suit. Cf. *Lucas* v. *Wilson,* 67 *Ga.* 356; *Frazer* v. *Sibley,* 50 *Ga.* 96; Code, §§ 81-202, 24-1105. One of the recognized methods of obtaining jurisdiction of the person of a resident defendant is for the plaintiff or some one for him to serve the defendant with a copy of the petition with process attached, and obtain his written acknowledgment of service. Code, § 81-211. When this is accomplished, the circumstance that the defendant was not in fact aware of the nature and character of the paper delivered to him, and did not in fact know the contents of the writing which he executed, or that it was an acknowledgment of service on the suit in question, does not, standing alone, affect the jurisdiction of the court. It is a sound and well-established principle of law that a person is generally committed to the contents of an instrument which he signs, even though he did not have actual knowledge thereof, in the absence of fraud or some other circumstance relieving him of the imputation of inexcusable indifference or neglect. Assuming that the evidence in the present case demands a finding that the movant was imposed on, it affirmatively appears that this consisted of conduct and misrepresentations of her own counsel, and not counsel for the respondent. Fraud such as would authorize the setting aside of the verdict at the instance of the movant is fraud of respondent or his counsel. She is not at liberty to avail herself of the misconduct of her own counsel, for the purpose of annuling the verdict obtained by respondent. See

*Morris* v. *Morris,* 76 *Ga.* 733; *Kite* v. *Lumpkin,* 40 *Ga.* 506; *Elliott* v. *Elliott,* 184 *Ga.* 417 (191 S. E. 465). It does not appear that counsel for the respondent was a party to the misconduct of the movant's counsel or in anywise knew of the same, or that he should have known that movant was acting under a misapprehension.

The second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur.*