### BACH *v.* PHILLIPS.

No. 15331. FEBRUARY 19, 1946.

310

*Hallie B. Bell*, for plaintiff.

*Bloodworth & Bloodworth*, for defendant.

BELL, Chief Justice. "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code, § 37-219. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Code, § 37-220. See also § 110-710.

In *Smith* v. *Smith*, 191 *Ga.* 675 (13 S. E. 2d, 798), a case quite similar to the instant one, the husband sought to enjoin enforcement of a contempt order for nonpayment of a judgment for alimony, and sought to set aside the alimony judgment on the ground of alleged fraud. Attached to the petition on which the judgment for alimony was rendered, was a written acknowledgment of service and waiver of process. The husband, seeking to set aside the alimony judgment, alleged that his acknowledgment of service was intended for the divorce suit only, and that the fraud consisted in the fact that the suit was for divorce and alimony. It was held by this court that, under the facts shown, the

petitioner (defendant in the alimony suit) was conclusively presumed to have known the contents of that suit, and if he suffered an unwarranted judgment, it was due to his own negligence, and he was bound thereby. In *Kelchem* v. *Ketchem,* 191 *Ga.* 140, 142 (11 S. E. 2d, 788), it was said "that a person is generally committed to the contents of an instrument which he signs, even though he did not have actual knowledge thereof, in the absence of fraud or some other circumstance relieving him of the imputation of inexcusable indifference or neglect."

In the instant case, the petitioner voluntarily signed an acknowledgment of service and waiver of process with respect to a suit for divorce that had not even been prepared. She left the State, and made no investigation whatever as to the contents of the suit as later filed. She must have known that the custody of the child would be a proper matter for determination by the court in case of divorce. Code, § 30-127. While it is alleged that the husband breached his agreement not to submit the question of custody and not to include that issue in his divorce suit, it does not appear that he was guilty of any fraud or artifice whereby the wife was prevented from making such investigation as to the contents of the suit as she might desire or be inclined to make. A judgment may be set aside for fraud, accident, or mistake— yes, but it must be unmixed with the negligence or fault of the petitioner. In the instant case, it cannot be said that the wife was without fault or negligence. As a matter of fact, the contrary affirmatively appears. The case differs on its facts from *Young* v. *Young,* 188 *Ga.* 29 (3) (2 S. E. 2d, 622), where, according to the allegations, the defendant was prevented by acts of coercion and duress on the part of the plaintiff from appearing and pleading in the divorce case. No such state of facts was shown in the instant case. Nor do any of the other cases cited for the plaintiff in error support the view that the petition here stated a cause of action. The court did not err in sustaining the general demurrer and dismissing the petition. Compare *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d, 788); *Karpas* v. *Candler,* 189 *Ga.* 711 (2) (7 S. E. 2d, 243); *Livingston* v. *Barnett,* 193 *Ga.* 640 (4) (19 S. E. 2d, 385).

*Judgment affirmed. All the Justices concur.*