FENDER *v.* CROSBY *et al.*

HAWKINS, Justice. 1. While the judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, or the acts of the adverse party unmixed with the negligence or fault of the petitioner (Code, §§ 37-219, 37-709), and while marriage and divorce are matters in which the public is concerned, and the public policy of this State is to foster and protect marriage, and forbids that a divorce shall be granted if there be evidence of collusive consent (*Watts* v. *Watts,* 130 *Ga.* 683, 61 S. E. 593; *Jones* v. *Jones,* 181 *Ga.* 747 (2), 184 S. E. 271; *Shelton* v. *Shelton,* 209 *Ga.* 454, 74 S. E. 2d, 5), where, as here, the main relief sought by the plaintiff is the cancellation of certain conveyances and

transfers and the recovery of real and personal property conveyed by him in pursuance of an agreement by which he obtained a divorce by collusion, he must come into a court of equity with clean hands, and is estopped to attack the validity of the decree thus self-induced. *Axtell* v. *Axtell*, 183 *Ga.* 195, 197 (187 S. E. 877); 27 C. J. S. 815, § 171 (b). See also *McConnell* v. *McConnell*, 135 *Ga.* 828 (70 S. E. 647); *Fuller* v. *Curry*, 162 *Ga.* 293 (133 S. E. 244); *McLeod* v. *McLeod*, 144 *Ga.* 359 (87 S. E. 286); *Don* v. *Don*, 158 *Ga.* 254 (123 S. E. 268); *Crenshaw* v. *Crenshaw*, 198 *Ga.* 536 (2b) (32 S. E. 2d, 177). One will not be permitted to invoke the public policy of the State to relieve him from the consequences of his collusive agreement to circumvent that public policy. What is here ruled is not in conflict with the decision in *Christopher* v. *Christopher*, 198 *Ga.* 361 (31 S. E. 2d, 818). That case is distinguishable from this in that the person there attacking the divorce was not the party plaintiff in the proceeding in which and the person to whom the divorce attacked was granted.

2. Since it appears from the allegations of the plaintiff's petition that the conveyances of real estate and transfer of personal property sought to be set aside were made by him in pursuance of a collusive agreement to procure a divorce, contrary to public policy, and to which he was a party, a court of equity will not grant to him the relief sought. A court of equity will not lend its aid to a party to a contract founded upon an illegal or immoral consideration. "If the contract is executed, it will be left to stand; if it be executory, neither party can enforce it." *Watkins* v. *Nugen*, 118 *Ga.* 372, 373 (45 S. E. 262); *Smith* v. *Nix*, 206 *Ga.* 403 (2), 407 (57 S. E. 2d, 275).

3. It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18230. Argued May 13, 1953—Decided June 9, 1953—Rehearing denied July 15, 1953.

*C. Bradford* and *Franklin, Eberhardt & Barham,* for plaintiff in error.

*Edward Parrish, McCall & Griffis* and *R. R. Forrester,* contra.