18273.   MERRITT *v.* MERRITT.

WYATT, Justice. Mrs. Melvina Merritt brought suit against Earlie Merritt, seeking to vacate and set aside a decree of divorce theretofore granted between the parties. She alleged in substance that she had been previously presented with a petition for divorce in behalf of the defendant in error with a request that she waive service in writing; that, because of false allegations in said petition, she refused to sign an acknowledgment of service or waiver of service; that it was then suggested that she file suit for divorce against the defendant in error, which she agreed to do; that the petition for divorce was then prepared for her by the attorneys who had drawn up the petition for her husband, which she verified to be true; that thereafter the parties resumed marital relations; that, just prior to the beginning of the term of the court to which the petition was returnable, the defendant in error became angry with her, used harsh words to her and denied her access to her home, but that she does not consider this to be in any manner a violation of any agreement under which condonation of previous acts had been accomplished; that, upon the trial of her petition for divorce against the defendant in error, she was present in court and testified in support of her allegations, "not knowing that the resumed marital relations . . . amounted in law . . . to a condonation of the acts of cruelty alleged in her petition"; that she did not know the significance of the request that she file suit for divorce, and did not know the legal effect of condonation or the meaning of condone; that the petitioner now pleads condonation after the filing of her suit for divorce and that the decree of divorce previously granted is void and should be so declared by the court; that the conduct of the defendant in error amounted to a fraud against her, and for this reason the decree should be declared void. The defendant in error filed a general demurrer to the petition as amended and the demurrer was sustained. To this judgment, the plaintiff excepted. *Held:*

1. While the facts in the instant case are different from the facts in *Fender v. Crosby*, 209 *Ga.* 896 (76 S. E. 2d 769), the principle involved in the two cases is the same, and the instant case is controlled by *Fender v.*

*Crosby,* supra. See also *Don* v. *Don,* 162 *Ga.* 240 (133 S. E. 242), and *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360). The fact that the petitioner alleges that she did not know the legal effect of her conduct in resuming cohabitation with the defendant in error, and that she did not know the significance of filing suit for divorce can make no difference in this case. She is presumed to know the law and certainly knew that, when she filed a suit for divorce, a divorce would result if the suit was maintained. She cannot induce a court to render a judgment in her favor, and then maintain an action to vacate that judgment because of facts of which she was or should have been fully aware at the time she procured the judgment. Litigants will not be permitted to so trifle with the courts. It follows, the judgment of the court below sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

ARGUED JULY 13, 1953—DECIDED SEPTEMBER 15, 1953.

*Moore & Oberry,* for plaintiff in error.
*Grantham & Smith, E. R. Smith, Jr.,* contra.