18574. BENNETT, Administratrix, *et al. v.* BENNETT *et al.*

HAWKINS, Justice. 1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501.
2. Where, as here, the widow, as administratrix of the estate of her deceased husband and as guardian of their minor child, applies for and obtains leave of the superior court to sell the interest of the deceased husband and father in a partnership at a price and upon terms alleged by her in that proceeding to be fair and equitable, and where in that

proceeding a guardian ad litem is appointed to represent the interests of the minor ward, and he recommends such sale, the movant in such proceeding who procured such judgment of a court of competent jurisdiction, which is regular on its face, will not thereafter be permitted to attack the judgment and the sale made pursuant thereto, and to set the same aside, because of alleged fraudulent misrepresentations as to the value of such interests in the partnership, made to her prior to the institution by her of such proceeding by the surviving partners of her deceased husband, and because the price received therefor was grossly inadequate. This is true for the reason that one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing. *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360). No one can complain of a judgment which he or she invokes. *Don* v. *Don,* 162 *Ga.* 240, 242 (133 S. E. 242). See also *Luther* v. *Clay,* 100 *Ga.* 236 (1) (28 S. E. 46, 39 L. R. A. 95); *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Ellis* v. *Ellis,* 161 *Ga.* 360, 365 (130 S. E. 681); *Harper* v. *Lindsey,* 162 *Ga.* 44, 49 (132 S. E. 639); *Fender* v. *Crosby,* 209 *Ga.* 896 (76 S. E. 2d 769); *Merritt* v. *Merritt,* 210 *Ga.* 39 (77 S. E. 2d 438).

(a) The decisions of this court in *Robinson* v. *Smith,* 159 *Ga.* 269 (125 S. E. 593), and *Evans* v. *Farkas,* 163 *Ga.* 433 (136 S. E. 279), relied on by counsel for the plaintiff, do not require a different ruling from that here made, because in those cases the persons attacking the judgments of the court of ordinary granting leave to sell land and the sales made thereunder were not the persons who procured such judgments and made the sales.

3. The trial judge did not err in sustaining the general demurrer and dismissing the plaintiff's petition.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1954—DECIDED JUNE 14, 1954.

*Herbert W. Wilson, Leon A. Wilson II, Wilson & Wilson,* for plaintiffs in error.

*Blalock & Blalock,* contra.