## 18801. STARLING *v.* GREEN.

</div>

DUCKWORTH, Chief Justice. Wilma S. Green filed a habeas corpus petition for the custody of her minor grandchild against her son, J. S. Starling, Jr., the father of the child, alleging that she had been awarded custody by reason of a decree of court in which her son was divorced from the child's mother and the child awarded to this petitioner; that the father is now wrongfully and illegally withholding the child from her; and that it would be to the child's best interest to remain in her custody. The respondent answered by admitting, in the main, the restraint of the child, but pleaded that he was doing so under a contract made prior to the divorce decree, in which his mother was to keep the child only temporarily; that his mother was separated from her husband at the time he made this contract with her, and there have been numerous separations and reconciliations since that time due to the excessive drinking of the stepfather; that a half-brother who is mentally incompetent has come to live with his mother since the time the child was placed by him with his mother; that he now has remarried, has a good job, and a good moral home in which to raise the child; that, due to the distance he lives from his mother and the hours that he works, he is unable to visit the child; that, in visiting his mother, he found the child unattended and removed the child from her home, due to the circumstances which fully warranted his actions. A general demurrer was filed to the answer and after hearing argument the court struck the answer and returned custody to the petitioner. The exception here is to this judgment. *Held:*

1. While the respondent argues that he has the right to show that the decree awarding custody of the child was obtained by fraud, nevertheless he is estopped to attack the validity of this decree thus self-induced by his petition for divorce. See *Fender* v. *Crosby,* 209 *Ga.* 896 (1) (76 S. E. 2d 769), and cases cited therein.

2. The answer further attempts to set up certain changes of circumstances affecting the interest, health, and welfare of the child, but a careful reading of the pleadings shows them to have occurred since "the said contract was made" and "the time the child was placed as aforesaid by the defendant," and this court can not construe this as having occurred subsequently to the decree of the court. While there are ample allegations of changes in the respondent's conditions, these do not necessarily affect the child in a way to justify a modification of the decree by changing custody. See *Moody* v. *Pike,* 200 *Ga.* 243 (36 S. E. 2d 752); *King* v. *King,* 202 *Ga.* 838 (44 S. E. 2d 791); *Harrison* v. *Kelly,* 209 *Ga.* 537 (74 S. E. 2d 546). Hence, the court did not err in striking the answer and returning the child to the grandmother.

*Judgment affirmed. All the Justices concur.*

Argued January 10, 1955—Decided February 16, 1955.

*A. J. Whitehurst,* for plaintiff in error.

*Titus, Altman & Johnson,* contra.