# 610

HAWKINS, Justice. 1. Article 6, section 14, paragraph 1 of the Constitution (Code, Ann., § 2-4901) provides that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State," and this court has repeatedly held that these provisions of the Constitution are mandatory and exhaustive, and have no qualification which authorizes jurisdiction to be conferred by consent or otherwise; and that, where both parties are residents of this State, a divorce is invalid unless the suit is brought in the county where the defendant resides. *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Moody* v. *Moody,* 195 *Ga.* 13, 14 (22 S. E. 2d 836), and cases there cited. While Code § 110-709 provides that "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it," and Code § 110-701 provides that "A void judgment may be attacked in any court and by any person," these Code sections must be construed in the light of equally well established principles of law and equity to the effect that "He who would have equity must do equity" (Code § 37-104); that he who comes into a court of equity with unclean hands must be denied relief (*McKinney* v. *Atkinson,* 209 *Ga.* 49, 70 S. E. 2d 769, and cases there cited); that one will not be permitted to take advantage of his own wrong (*Sheridan* v. *Sheridan,* 153 *Ga.* 262, 111 S. E. 906; *Clifton* v. *Dunn,* 208 *Ga.* 326, 66 S. E. 2d 735; *Fuller* v. *Fuller,* 211 *Ga.* 201, 202, 84 S. E. 2d 665); and that one will not be permitted to trifle with the courts. *Merritt* v. *Merritt,* 210 *Ga.* 39 (77 S. E. 2d 438).

2. In *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647), it was said that the question to be decided was whether the defendant would be permitted, in a court of equity, to attack a decree for divorce against him on the ground that when the suit was filed he did not reside in Fulton County, when an entry on the petition in the following language was signed by him: "Service of the foregoing petition is acknowledged. Jurisdiction of the Superior Court of Fulton County is recognized." The petition seeking to set aside that divorce decree alleged that the husband had signed such acknowledgment at the special instance and request of the wife, who knew

that he was not a resident of the county, and in an effort on her part to give jurisdiction of the case to the Superior Court of Fulton County, and that the acknowledgment of service was signed by the husband under the belief that said proceeding could be brought in said court, and that the court had jurisdiction thereof; that he did not read the allegation of the petition as to his residence, and did not intend by such acknowledgment to admit that such allegation was true. It was there held: "The husband could not, in a court of equity, have the verdicts and decree for divorce set aside on the ground that he did not reside in Fulton county when the petition of his wife for divorce was filed." See also, to the same effect, *Fuller* v. *Curry*, 162 *Ga.* 293 (133 S. E. 244); *Davis* v. *Davis*, 191 *Ga.* 333 (11 S. E. 2d 884); *Fender* v. *Crosby*, 209 *Ga.* 896 (76 S. E. 2d 769); *Merritt* v. *Merritt*, 210 *Ga.* 39, supra; *Phillips* v. *Phillips*, 211 *Ga.* 305, 309 (85 S. E. 2d 427); *Starling* v. *Green*, 211 *Ga.* 369 (86 S. E. 2d 100).

(a) What is here ruled is not in conflict with the following cases relied upon by counsel for the defendant in error: *Watts* v. *Watts*, 130 *Ga.* 683, supra; *Jones* v. *Jones*, 181 *Ga.* 747 (184 S. E. 271); *Axtell* v. *Axtell*, 181 *Ga.* 24 (181 S. E. 295); *Young* v. *Young*, 188 *Ga.* 29 (2 S. E. 2d 622); *Johnson* v. *Johnson*, 188 *Ga.* 800 (4 S. E. 2d 807); *Haygood* v. *Haygood*, 190 *Ga.* 445 (9 S. E. 2d 834, 130 A. L. R. 87); *Moody* v. *Moody*, 195 *Ga.* 13, supra; *Christopher* v. *Christopher*, 198 *Ga.* 361 (31 S. E. 2d 818); *Cohen* v. *Cohen*, 209 *Ga.* 459 (74 S. E. 2d 95); *Harmon* v. *Harmon*, 209 *Ga.* 474 (74 S. E. 2d 75). Each of those cases has been carefully examined, and each is distinguishable upon its facts. But if it could be said that anything held in either of those cases (other than *Watts* v. *Watts*, supra, which is distinguishable upon its facts) is in conflict with the decision of this court in *McConnell* v. *McConnell*, 135 *Ga.* 828, supra, it must yield to that older full-bench decision, which is controlling here.

3. The plaintiff's equitable petition, which seeks to have set aside a judgment and decree of Seminole Superior Court, awarding a divorce and the custody of their minor child to her husband, and removing her disabilities, alleges that—on the representations of her husband that he wanted a divorce so he could enter the air force, which he could not do unless he was single, and that it would be necessary to have the custody of their minor child awarded to him in order that

he might have an allotment made for its support; that a divorce could not be granted in Decatur County, where they both resided, until May, 1956, but that they could get one in Seminole County in January, 1956; that he would arrange to get a lawyer and have the divorce all fixed up without any embarrassment to her, and without cost, and that as soon as he got into the air force and had such allotment made, he would remarry her, and without knowledge on her part that the court of Seminole County would have no jurisdiction of the parties, since they both were residents of Decatur County —she consented to the arrangement and accompanied her husband to his lawyer's office in Seminole County, where she signed, at his request, what she understood was a paper agreeing that the husband might have a divorce, but which was in fact an acknowledgment of service, waiver of process, and consent that the case might be tried at the first term. But the petition fails to allege any such fraud as would authorize the setting aside of the judgment and decree in the divorce case. One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice, which is not alleged here, is chargeable with knowledge of its contents. *Smith* v. *Smith,* 191 *Ga.* 675 (13 S. E. 2d 798); *Ketchem* v. *Ketchem,* 191 *Ga.* 140 (11 S. E. 2d 788); *Bach* v. *Phillips,* 200 *Ga.* 308 (37 S. E. 2d 407). Neither can one plead ignorance of the law, which he is presumed to know. *Merritt* v. *Merritt,* 210 *Ga.* 39, supra. Nor can fraud be predicated upon statements which are promissory in their nature as to future acts. *Jackson* v. *Brown,* 209 *Ga.* 78 (2) (70 S. E. 2d 756).

4. Applying the foregoing rulings to the petition in the instant case, it failed to state a cause of action, and the trial court erred in overruling the general demurrer thereto, and this error rendered nugatory the verdict in favor of the plaintiff. *Bennett* v. *Bennett,* 210 *Ga.* 721 (82 S. E. 2d 653).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED SEPTEMBER 10, 1957—DECIDED OCTOBER 11, 1957—

REHEARING DENIED NOVEMBER 8, 1957.

*Peter Zack Geer,* for plaintiff in error.

*Charles H. Kirbo, Custer & Kirbo,* contra.