41785. MUSGROVE et al. v. MUSGROVE (now SAMMONS).

SUBMITTED FEBRUARY 9, 1966—DECIDED MARCH 3, 1966.

*Marvin P. Nodvin,* for appellants.

*Paul C. Myers, Charles H. Wills,* for appellee.

EBERHARDT, Judge. ■ We cannot agree that the overruling of a general demurrer to the traverse of the garnishment or of an oral motion to dismiss it amounted to an adjudication that the divorce decree from DeKalb Superior Court was void. The traverse contained as one of its grounds that the defendant had, in good faith, abided by the contract and decree, as well as grounds in which it was asserted that the contract and decree were void for vagueness and uncertainty. It is well settled that if a pleading is good for any reason a general demurrer or a motion to dismiss should be overruled. If the defendant had, as he contended in the traverse, in good faith abided the contract and decree, the court could well have found that the traverse was good, and this entirely without reference to the matter of whether the decree was, for any reason, void.

On the matter of whether the decree was void, we think that when the defendant filed in DeKalb Superior Court a motion to vacate and set aside the decree on the ground that it had been procured by fraud, and the judgment adverse to him on that became final, he is bound by the decree. These rulings became the law of the case. While he did not, in the motion, assert that the fraud consisted in the obtaining of the decree with the knowledge

that he was not a resident of the county, he did urge that position at the hearing. He contended that there had been no proof of his residence when the divorce was granted, and made reference to that in the bill of exceptions—which brought about the note by the judge certifying that *every allegation* of the petition had been supported by competent evidence. If he did not specifically make the contention in the motion to vacate and set aside it was his duty to have done so. "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. . . He must discharge all his weapons, and not reserve a part of them for use in the future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war. . ." *Perry v. McLendon,* 62 Ga. 598, 605.

Moreover, if the facts of this case show that the obtaining of the decree of divorce in DeKalb Superior Court was fraudulent for this reason, it was self-induced. The hands of the defendant were equally as soiled in this respect as were those of the plaintiff, and he could not, even in a court of equity, have the decree set aside on this ground. *McConnell v. McConnell,* 135 Ga. 828 (70 SE 647); *Musgrove v. Musgrove,* 213 Ga. 610 (2) (100 SE2d 577). He can not so trifle with the courts. *Merritt v. Merritt,* 210 Ga. 39 (77 SE2d 438).

The decree is valid and binding and we cannot give consideration to the many contrary contentions which the husband made in the contempt proceedings, the garnishment proceedings or on this appeal. The contention that the discharge of the husband in the contempt proceeding based upon his failure to pay the installments on the home loan as they matured, etc., was res judicata that the decree and the contract which was made a part of it were void, is without merit. The decree itself, after an adverse judgment on the motion for new trial and on the motion to vacate and set aside, was res judicata as to all questions included or which might properly have been included, is the law of the case, and the parties are concluded thereby. In the posture here no subsequent judgment or order of the court did or could have changed that, and particularly no order or

judgment discharging the defendant on a contempt rule. To hold otherwise would be to rob the decree of its finality, place the result of litigation in doubt even after its final termination and make unsettled that which has been and ought to be a settled matter. It would undermine the whole system of our jurisprudential procedure.

■ Whether the contract is vague and uncertain and, in the usual and ordinary course of things could not, for that reason, be enforced, is not a question open for determination in this proceeding. It could have been raised in the divorce action itself, but the defendant elected not to do so. It might have been raised in the motion for new trial, but that was not done—and in any event an unreversed judgment overruling that motion stands. It might have been raised in the motion to vacate and set aside the decree, the contract having been included in and made a part thereof, but that was not done—and again an unreversed judgment overruling that motion stands.

Consequently, the Civil Court of Fulton County correctly proceeded with a trial of the issues made by the traverse to the garnishment upon the premise that the decree, including the contract, was, as between these parties, a valid and binding judgment.

A question of fact was raised by the traverse as to whether the defendant was indebted under the decree in the amount claimed. A full trial was had on that issue. The judge, sitting without a jury, found as a matter of fact that the indebtedness due and outstanding was $1,556. If it is supported by any competent evidence, and we think it is, we have no option but to affirm.

We have examined all enumerations of error and find them to be without merit.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*