## 47629. RESERVE LIFE INSURANCE COMPANY v. CHALKER.

DEEN, Judge. 1. "Where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for the applicant's misrepresentation therein, the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk, and this is true although the applicant may have made the representation in good faith, not knowing that it was untrue." *All American Life & Cas. Co. v. Saunders,* 125 Ga. App. 7 (186 SE2d 328). "Failure to list the names of specialists who have within the specified period treated the applicant for a serious condition is a concealment of material facts." *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (2c) (174 SE2d 570).

2. "One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice, is chargeable with knowledge of its contents. *Smith v. Smith,* 191 Ga. 675 (13 SE2d 798); *Ketchem v. Ketchem,* 191 Ga. 140 (11 SE2d 788); *Bach v. Phillips,* 200 Ga. 308 (37 SE2d 407)." *Musgrove v. Musgrove,* 213 Ga. 610 (3) (100 SE2d 577).

3. This plaintiff signed applications for health and accident insurance, answers to which were filled in by the agent after orally eliciting information from her. The application was attached to the policy in each case, and in it the plaintiff agreed "that the company is not bound by any knowledge of or statement made by or to any agent, unless set forth in this application." Inquiries whether she had ever had heart, kidney, liver disease, hernia or high blood pressure were answered in the negative. One hospitalization only was shown: "2/69. Pneumonia but now completely recovered." Actually, she was in the hospital in February, 1969, with acute kidney infection, she had high blood pressure, and arteriosclerotic heart disease, had had a hernia, and had been hospitalized five times

for these and related ailments in the seven years preceding the application, three of them having been within the immediately preceding year. Proof of these facts plus affidavits of various insurance officials that the omissions were material to the risk and that the policy would not have been issued except at much higher cost and with lowered benefits entitled the defendant to summary judgment, absent any showing that the plaintiff had been prevented by fraud or artifice from reading the application before she signed it.

4. The motion for summary judgment asks a judgment in the defendant's favor dismissing the action. There is no motion for judgment in the defendant's favor for repayment of sums which the defendant contends were erroneously paid to the plaintiff, and this issue is accordingly not passed on.

The trial court erred in denying the motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED NOVEMBER 8, 1972—DECIDED NOVEMBER 15, 1972.

*Cumming, Nixon, Yow, Waller & Capers, William Byrd Warlick,* for appellant.

*W. Tom Veazey, E. Purnell Davis,* for appellee.

