**Willie NICHOLS, Plaintiff-Appellant,**

v.

**SOUTHERN LIFE INSURANCE CO., Defendant-Appellee.**

No. 78–1856

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1978.

John K. Dunlap, Atlanta, Ga., for plaintiff-appellant.

Alston, Miller & Gaines, Frank J. Beltran, William C. Humphreys, Jr., Atlanta, Ga., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

We affirm the judgment appealed from on the basis of the District Court's Order which we attach as an Appendix.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

APPENDIX

WILLIE NICHOLS

vs.

SOUTHERN LIFE INSURANCE CO.

Civ. A. No. 77–540 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 21, 1978.

ORDER

RICHARD C. FREEMAN, District Judge.

This is a diversity action brought by a widow, a named beneficiary of a joint credit life insurance policy, Southern Life Insurance Co. Policy No. 266904, against the insurer to recover insurance proceeds upon the death of her husband, an insured under said policy. The action is presently before the court on defendant insurer's motion for summary judgment. Defendant contends that the policy is void and has tendered back all premiums which had previously been paid, but plaintiff has refused to accept them. Defendant argues that the husband's application for insurance, the application forming a part of the policy, contained misrepresentations as to the state of his health which were material and which affected the risk or hazard insured.

Plaintiff's husband applied for the said joint life insurance policy on June 3, 1975. On November 26, 1976, plaintiff's husband died.[1] Plaintiff seeks to recover the proceeds due upon his death but the defendant has refused payment of her claim. Defendant has underscored the husband's answers, Nos. 13 and 14, on the insurance application in which he denied ever having consulted a physician for problem blood pressure and in which he denied having seen or been treated by a physician in the prior five years. The medical records and deposition testimony of Dr. Donald Ray Lane taken August 18, 1977, however, reveal the husband's recent physician consultations for pain of rheumatoid arthritis. On September 25, 1974, at one of these doctor's visits and treatment, Dr. Lane informed the husband that his blood pressure was elevated and that he wanted to see the husband in a follow-up visit. The husband never returned to Dr. Lane for further blood pressure checks.

Defendant contends that the husband's failure to reveal these visits and his latent hypertensive condition, constituted:

misrepresentations, omissions, concealment of facts, and incorrect statements . . . [which were] (1) fraudulent; or (2) material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) [risks for which] the insurer in good faith would either not have issued the policy or contract, in as large an amount, or at the premium rate as applied for, . . . if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

Ga.Code § 56–2409. Defendant argues: (1) that the fact of the husband's misrepresentation of his medical condition was material to acceptance of the risk and to the hazard assumed, is apparent from the deposition testimony of George L. Jennings, the insurer's agent herein, and from the affidavit of Lacy Sidney Christopher, the insurer's vice-president responsible for underwriting; and (2) that, upon this showing, the law in Georgia declares that the underlying policy is void and that no proceeds need be paid to the widow.

Plaintiff opposes entry of summary judgment contending that the insurer is estopped from denying coverage under the policy by its own and its agent's misconduct: (1) in the insurer's negligent entrustment of procurement of the policy in the hands of a young, inexperienced agent; and (2) in the agent's failure to interview plain-

---

[1]. The causes of the insured's death are listed on the Certificate of Death as: (a) respiratory failure; (b) irreversible brain damage; and (c) malignant hypertension. A significant condition contributing to death but unrelated to the terminal disease is given as rheumatoid arthritis. Deposition of Dr. Donald Ray Lane taken August 18, 1977, exhibit.

tiff, one of the nominal applicants for the policy. This latter alleged misconduct of the agent, it is argued, is imputed to the insurer. Plaintiff contends that had she attended the insurance application session in which her husband signed her name without her authority, she could have filled in her husband's apparent medical omissions on the application form. Further, plaintiff urges by hypothetical that her husband may have had no actual knowledge of his medical condition or that the forms may have been blank or incomplete when he signed their names. Defendant replies that plaintiff's arguments fail to respond to the only issues of relevance, whether there was a misrepresentation on the application, and, if so, whether it affected the risk or the hazard assumed by the insurer. Defendant urges that plaintiff's bare hypotheticals carry no force against defendant's factual documentation by affidavit and deposition which have pierced plaintiff's pleadings.

The court finds that the GRANTING of summary judgment is unavoidable under the facts and applicable law. The facts presented of misrepresentation or omission as to the applicant's medical condition are precisely those contemplated by Ga.Code § 56–2409. Such misrepresentation or omission has been repeatedly held to be material within the meaning of the statutory provision. *New York Life Insurance Co. v. Hollis,* 177 Ga. 805, 807, 171 S.E. 288 (1933); *All American Life and Casualty Co. v. Saunders,* 125 Ga.App. 7, 186 S.E.2d 328 (1971). *Jefferson Standard Insurance Co. v. Henderson,* 37 Ga.App. 704, 706, 141 S.E. 498 (1928); *Sovereign Camp of Woodmen of the World v. Parker,* 36 Ga.App. 695, 696, 135 S.E. 86 (1927). The court must conclude that the husband had, at least, actual knowledge of his visits to the doctor, if not also, a memory of the doctor's diagnosis. Plaintiff has not disputed the fact of these visits and the nature of the diagnosis. Whether plaintiff, had she been included in the application session, might have supplied the missing material information of her husband's condition and past treatment is a question of no importance. The application was materially incomplete. If the insurer had known the fact of these visits, diagnoses, and treatment, it would have investigated their substance and import. Defendant's Affidavit of Lacy Sidney Christopher. But lacking this knowledge, it could not investigate and could neither refuse the risk nor readjust the premium rate. *Id.;* Southern Life Insurance Rate Manual at A27, B13–14. *See Reserve Life Insurance Co. v. Chalker,* 127 Ga.App. 565, 566, 194 S.E.2d 290 (1972); *Prudential Insurance Company of America v. Perry,* 121 Ga.App. 618, 174 S.E.2d 570 (1970); *Hairston v. John Hancock Mutual Life Insurance Co.,* 320 F.Supp. 643 (N.D.Ga.1970).

Plaintiff's allegations of agent and insurer misconduct, if they are relevant and it is the opinion of the court that they are not, are simply unavailing. Although the agent does not recall this particular insurance application, he has testified without contradiction that the company's and his own practice was to read the questions on the application form to the applicant and to enter the applicant's responses to the inquires. Deposition of George L. Jennings of May 4, 1977, at 44, lines 2–9 and at 49, line 20 through 50, line 11. The completed application form was then given to the applicant to read and then to sign. *Id.* at 38, lines 15–22. The agent has testified unequivocally that in practice all questions were answered and all boxes filled on the form before an applicant affixed his signature. Plaintiff's hypotheticals of empty or incomplete forms cannot withstand this testimony of unvarying business routine. *Id.* at 55, line 12 through 56, line 15. Plaintiff's argument assailing the insurer's entrustment of the insurance application task to a young, inexperienced agent is similarly unsubstantiated. The agent's discussion of his training and experience shields any attack on his ability to perform the task adequately.

Therefore, it appears undisputed that material misrepresentations or omissions affecting the risk or hazard assumed were made by the insured in his application for joint credit life insurance. These material misstatements or omissions justify avoidance of the policy and denial of plaintiff

beneficiary's recovery of contract proceeds as a matter of law. *See* 7 *Couch on Insurance* § 35.49 at 58 (1961).

Accordingly, defendant Southern Life Insurance Company's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.